Douglas L. LEWIS, Appellant,

v.

CHRYSLER MOTORS CORPORATION, Appellee.

No. 71–1597.

United States Court of Appeals, Eighth Circuit.

March 15, 1972.

———◆———

Gordon F. Webb, Clayton, Mo., for appellant.

Edwin D. Akers, Jr., St. Louis, Mo., for appellee.

Before BREITENSTEIN,* Senior Circuit Judge, and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The Automobile Dealers Franchise Act of August 8, 1956, Pub.L. 1026, 70 Stat. 1125, 15 U.S.C. §§ 1221–1225, awards a franchised automobile dealer a federal cause of action for damages sustained "by reason of the failure of [an automobile manufacturer engaged in commerce] . . . to act in good faith in performing . . . terminating . . . or not renewing the franchise with . . . the dealer." § 1222. "Good faith," the ostensible test of liability under the Act is defined by § 1221(e) as the duty of both parties, and their agents, "to act in a fair and equitable manner toward each other *so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party.*" (Emphasis supplied.) In this case, Douglas L. Lewis seeks damages under the Act, alleging that Chrysler Motors Corporation coerced and intimidated him into terminating his working relationship with that firm by engaging in bad faith conduct directed toward forcing him to take unwanted, unmarketable, and unprofitable motor vehicles, parts, and accessories for sale, and by refusing to deliver motor vehicles ordered and requested by him. The complaint also contains a breach of contract claim.

The District Court dismissed the complaint for failure to state a cause of action. 332 F.Supp. 1202 (E.D.Mo.1971). We reverse.

The District Court found that the written agreement or contract between the parties purporting to fix their respective legal rights and liabilities is such that Lewis possessed no proprietary or equitable ownership in the Chrysler dealership. It then held that Lewis was not an automobile dealer within the meaning of the Act,[1] and hence lacked standing to invoke the remedial machinery of the Act. The District Court did not take testimony nor did the parties submit supporting and opposing affidavits. It acted, instead, solely on the basis of the broad allegations of the complaint, together with the briefs and motion papers tendered in connection with Chrysler's motion to dismiss.

■■■ We express no view as to whether Lewis, in light of the contracts plead, can successfully establish that he is within the class of individuals entitled to seek redress under the Act.[2] Unquestionably, the Act does not apply until a

---

* Senior Circuit Judge, Tenth Judicial Circuit, sitting by special designation.

1. The term "automobile dealer" refers to one who is "operating under the terms of a franchise" and who is "engaged in the sale or distribution of passenger cars, trucks, or station wagons." § 1221 (c).

2. In support of his standing-to-sue contention, Lewis relied solely on Kava-

naugh v. Ford Motor Company, 353 F.2d 710, 717 (CA7 1965). We do not find it necessary to approve or disapprove the Seventh Circuit's analysis based on disregard of the corporate entity. We note with interest, however, that the holding in *Kavanaugh* was occasioned by a defense motion for summary judgment buttressed by a substantial evidential record.

manufacturer-dealer relationship has been created. While there may be logic in the reasoning employed by the District Court insofar as the naked allegations of the complaint are concerned, it is equally plausible that affidavits and testimony would reveal that the course of conduct pursued by the parties is such that, in light of all surrounding circumstances and the object to be accomplished as viewed from the purpose of the parties' association and underlying written agreements, Lewis acted as a "dealer" and Chrysler, as manufacturer, considered him as such. Whatever may have been the relationship between these parties, the term "automobile dealer" is to be given the construction that best serves the congressional purpose of "supplementing the antitrust laws," and balancing "the power . . . heavily weighted in favor of automobile manufacturers." 70 Stat. 1125 (1956) (see title of Act). The importance of determining whether a given litigant is one whose relationship with a manufacturer falls within the sweep of that purpose assuredly presents one of the clearest instances where a District Court should act only on the basis of a clear and well-developed record. No such record is present here.

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) is the watershed of dismissal-on-the-pleadings decisions. It was there held that

"[i]n appraising the sufficiency of the complaint . . . the accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, at 45, 78 S.Ct. at 102.

"This rule, which has been stated literally hundreds of times, precludes final dismissal for insufficiency of the complaint except in the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." C. Wright Law of Federal Courts, § 68, at 286 (2nd Ed. 1970). Our decisions on this point include Springfield Television, Inc. v. City of Springfield, Missouri, 428 F.2d 1375, 1381 (CA8 1970); Control Data Corporation v. International Business Machines, 421 F.2d 323, 326 (CA8 1970); Great Atlantic & Pacific Tea Company, Inc. v. Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union No. 88, AFL-CIO, 410 F.2d 650, 652 (CA8 1969); Century "21" Shows v. Owens, 400 F.2d 603, 607 (CA8 1968); Hanson v. Hunt, 398 F.2d 578, 581 (CA8 1968); Thomason v. Hospital T.V. Rentals, Inc., 272 F.2d 263, 266 (CA8 1959); Lada v. Wilkie, 250 F.2d 211, 212–213 (CA8 1957); Dutton v. Cities Service Defense Corp., 197 F.2d 458, 459 (CA8 1952); Sparks v. England, 113 F.2d 579, 581–582 (CA8 1940); and Leimer v. State Mutual Life Assurance Co., 108 F.2d 302, 305–306 (CA8 1940), cited with approval Conley v. Gibson, *supra*, p. 46, n.5 of 355 U.S., p. 102 of 78 S.Ct. See also, 5 Wright & Miller, Federal Practice and Procedure: §§ 1202, 1215–1226.

We conclude that dismissal was improper. We believe that Lewis' status in the present case is such that it could not be adequately considered by the District Court on the limited record before it.

The judgment appealed from is reversed and the case is remanded with directions to reinstate Lewis' complaint, and for further proceedings not inconsistent with this opinion.