Mary **RICHARD**, Appellant,

v.

**McDONNELL DOUGLAS CORPORA-TION**, Appellee.

No. 72–1164.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1972.

Decided Dec. 4, 1972.

Robert M. Sears, St. Louis, Mo., for appellant.

Thomas C. Walsh, St. Louis, Mo., for appellee.

Before HEANEY and STEPHEN-SON, Circuit Judges, and BOGUE, District Judge.*

STEPHENSON, Circuit Judge.

■ This is an appeal from the United States District Court for the Eastern District of Missouri. Plaintiff-appellant, Mary Richard, appeals from an order of the District Court, 339 F.Supp. 1149, entered under date of February 15, 1972 by the Honorable H. Kenneth Wangelin, dismissing her amended complaint for lack of subject matter jurisdiction.[1]

Appellant originated this action pursuant to Title VII of the Civil Rights Act of 1964 (the Act), 42 U.S.C. § 2000e et seq.,[2] as well as 42 U.S.C. §§ 1981–1983, 1985 and 1988, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. She also seeks relief under the equal protection clause of the Fourteenth Amendment.[3] In essence, appellant contends that defendant-appellee discriminated against her solely on account of her sex.

The question dispositive of this appeal is whether the district court had the authority to dismiss this cause on the basis of the pleadings. Our response is in the negative.

■ With respect to dismissal-on-the-pleadings, we stated in Lewis v. Chrysler Motors Corp., 456 F.2d 605, 607 (8th Cir. 1972), quoting from Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)[4] "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

The relevant factual allegations extracted from appellant's complaint are as follows: That appellant was employed by appellee from 1950 to 1970, during which time she was subject to discrimination by appellee based upon sex; that as a result of the alleged discrimination, appellant became depressed and discouraged to the extent that in January, 1969, at the suggestion of appellee, she sought medical advice; that by the use of medications appellant recovered to the point that she could continue to do her work, but that discriminatory conditions became worse instead of better; that because the situation became so intolerable appellant tendered her resignation in March, 1970; that although her resignation was accepted, she was reinstated by appellee as an employee during August, 1970, but was placed on sick leave by appellee within two weeks; that appellant "was cleared to return to work again on October 29, 1970 but was not allowed to return to work;" that the alleged discrimination suffered by appellant continued throughout her employment from 1950 to 1970; that the alleged discriminatory acts are "continuing in nature" inasmuch as appellee has ostensibly refused to allow appellant to return to work to the present date.

More particularly, appellant averred: (1) that she was not given adequate stenographic help; (2) that her phone was not answered when she was away from her desk; (3) that her desk was positioned inconveniently for essential

---

* District of South Dakota, sitting by special designation.

1. Appellant was granted leave to file a second amended complaint, but refused to plead further. Since she was ultimately precluded from doing so by the statute of limitations, we deem the order dismissing the complaint to be a final appealable order. See People of the United States v. Bibb, 255 F.2d 772 (7th Cir. 1958); compare Local 179 United Tex-

tile Wkrs. v. Federal Paper Stock Co., 461 F.2d 849 (8th Cir. 1972).

2. As amended, Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103, U.S.Code Cong. & Admin. News, p. 1029 (1972).

3. U.S.Const. Amend. XIV.

4. The Conley decision is as recognized and labeled by us in Lewis "the watershed of dismissal-on-the-pleadings decisions". 456 F.2d at 607.

communications with co-workers (she alleged that men doing similar work were not so inconvenienced); (4) that she was not provided with a telephone answering service as were men in a similar position; (5) that she was burdened with extra duties in directing personnel; (6) that she did not get comparable wage increases with men employees of the same qualification level; and (7) that she was paid less than men doing comparable work.

On March 22, 1971, appellant filed her original complaint with the Equal Employment Opportunities Commission.[5] We are concerned here with two salient points which are the essential procedural ingredients of this cause. (1) Section 706(b) of the Act, 42 U.S.C. § 2000e–5(b), provides that where there exists a state or local agency authorized to grant or seek relief against employment discrimination, "no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under state or local law, unless such proceedings have been earlier terminated . . . ." (2) Section 706(d), 42 U.S.C. § 2000e–5(d)[6] provides that the complaint to the EEOC "shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the state or local agency has terminated the proceedings under the state or local law, whichever is earlier . . . ."[7]

In keeping with the statutory prerequisites in the instant cause, the EEOC referred appellant's charges to the Missouri Commission on Human Rights for the required period. On September 21, 1971, appellant was sent a Notice of Right to Sue Within thirty days by the EEOC. This action was filed subsequently on October 19, 1971—within the thirty-day period.

■ Appellee strongly urges that the district court correctly dismissed appellant's amended complaint because of her failure to establish the filing of the charge with the EEOC within 210 days of the discriminatory act, as required by § 706(d) of the Act. We disagree. The controlling decision on this question is Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In Love, the United States Supreme Court held that the EEOC may act on behalf of the complainant and initiate state proceedings, and that the EEOC may properly "hold a complaint in 'suspended animation,' automatically filing it upon termination of the state proceedings." 404 U.S. at 526, 92 S.Ct. at 618. In connection therewith, although "filing" with the EEOC is not complete within the meaning of the Act until the case has returned from the state or local authority to the EEOC, initial receipt of the original charges by the EEOC serves to toll the running of the statute of Limitations. See Love v. Pullman, supra;[8] Anderson v. Methodist Evangelical Hospital, Inc., 464 F.2d 723 (6th Cir. 1972); Vigil v. American Telephone and Telegraph Co., 455 F.2d 1222 (10th Cir. 1972).

The Seventh Circuit in Moore v. Sunbeam Corporation, 459 F.2d 811 (7th

5. § 706(d) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(d), provides, inter alia, that filing with the EEOC by the aggrieved party must be made within two hundred and ten days after the alleged unlawful practice occurred. As amended, the Equal Employment Opportunity Act of 1972 § 706(e) Pub.L. No. 92–261, 86 Stat. 103, is comparable to § 706(d) of the 1964 Act, except the ninety day filing period is extended to one hundred eighty days and the two hundred ten day period is extended to three hundred days. See note 1 supra,

and see U.S.Cong. & Admin.News p. 1030 (1972).

Because this action was commenced before the effective date of the amended Act, the parties are procedurally governed by the Act of 1964.

6. Id.

7. See Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). See also 84 Harv.L.Rev. 1109, 1198 (1971) for a summary of the prescribed procedure of a Title VII action.

8. See n. 5 in Love, supra.

Cir. 1972) interpreted Love v. Pullman contrary to the positions of the Sixth and Tenth Circuits in *Anderson* and *Vigil*.[9] With deference to the *Moore* decision, we cannot accept that analysis. Once a complainant has lodged his charges with the EEOC he has perfected his federal remedy, failure initially to exhaust state or local remedies notwithstanding.[10] The guidance provided by the reasoned authorities above cited lead us inescapably to agree with our colleagues in the Sixth and Tenth Circuits where the latter stated that "such conclusion is well within the ambit of the Supreme Court's pronouncement in *Love*." Vigil v. American Telephone and Telegraph, *supra* 455 F.2d at 1225.

■ We conclude, therefore, that the 210 day statute of limitations was tolled upon receipt of appellant's complaint by the EEOC on March 22, 1971, and that dismissal based upon this complaint was improper. Appellant has not, in effect, alleged an "insuperable bar to relief" on the face of her complaint. Lewis v. Chrysler Motors Corporation, *supra*, 456 F.2d at 607. C. Wright, Law of Federal Courts, § 68, at 286 (2nd Ed. 1970). In conjunction herewith, we do not purport to assess the probable disposition of this case on its merits. Suffice it to say, appellant is saddled with her own evidentiary burden.

By virtue of such error, the cause is reversed and remanded for further proceedings not inconsistent herewith.

While the result obtained herein renders consideration of further alleged error technically unnecessary, we proceed to a discussion of whether the alleged violations were "continuing in nature" lest we leave a quagmire on remand to the trial court on this particular issue.

■ We stated in Marquez v. Omaha District Sales Office, Ford Division, 440 F.2d 1157, 1160 (8th Cir. 1971) that while the Act of 1964 was to have prospective application only, relief is available to remedy present and continuing effects of past discrimination. Although we express no opinion as to the merits of this action, we are not disposed to agree with the conclusion of the district court that "[t]o find that the alleged discriminatory events are 'continuing' in nature is to negate reality." The Act does not necessarily mandate the immediate rehiring of all individuals formerly subjected to discrimination, *cf*. Griggs v. Duke Power Co., 401 U.S. 424, 430–431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158

---

9. As we noted in note 4, *supra*, we are procedurally governed by the Act of 1964. Nevertheless, the language in the amended act is comparable to its predecessor rendering latter pronouncements clearly persuasive to this case. Note that in the joint explanatory statement by the managers on the part of the House and Senate at the conference on the disagreeing votes of the two Houses on the amendment of the Senate to the Equal Employment Opportunities Act of 1972 appears the following:

"The conferees left the existing law intact with the understanding that the decision in Love v. Pullman, 404 U.S. 522, [92 S.Ct. 616, 30 L.Ed.2d 679] (1972), interpreting the existing law to allow the Commission to receive a charge (but not act on it) during such deferral period is controlling." U.S. Cong. & Admin.News p. 1049 (1972).

10. As stated by the district court in Vigil v. American Telephone & Telegraph Com-

pany, 305 F.Supp. 44, 46 (1969): "[T]he underlying purpose of the 60 day provision was to allow the state to act *and not to establish an additional roadblock for the plaintiff*." (Emphasis supplied). *See generally* 84 Harv.L.Rev. 1109, 1212–16 (1971), and *cf*. Culpepper v. Reynolds Metals Company, 421 F.2d 888, 892 (5th Cir. 1970), where the Court stated as follows: "Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded * * *.'" The Court stated further that "the time limitation is meant to penalize only those who sleep on their rights and remedies, not one who actively attempts to settle his complaint by following the 'rules of the shop.'" (Citations omitted).

(1971), and a layoff, as distinguished from a discharge would not, without more, constitute a "continuing" violation since a layoff contemplates the possibility of re-employment. *See* Cox v. United States Gypsum Co., 409 F.2d 289 (7th Cir. 1969). We recognize that to construe loosely the "continuing" theory would undermine the aim of the statute of limitations.[11] However, we are mindful that under compelling circumstances, a past discrimination *may* operate to constitute a continuing violation. *See* Sciaraffa v. Oxford Paper Company, 310 F.Supp. 891, 896–897 (D.Me.1970).[12]

We do not purport to construct an acid test as to what may or may not constitute "compelling circumstances" sufficient to warrant a finding of "continuing" discrimination. Each case must be decided upon its own facts with the ultimate result depending upon the complainant's ability to carry his evidentiary burden.

Reversed.

---

11. *Cf.* Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).

12. *See also,* 84 Harv.L.Rev. 1109, 1210–11 (1971).