**Melba OLSON, Appellant,**

v.

**REMBRANDT PRINTING CO., Appellee.**

**No. 74–1407.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1975.[1]

Decided Feb. 12, 1975.

---

1. Argument in this case was heard by a panel of this court November 15, 1974. Because of a possible conflict with our prior decision in Richard v. McDonnell Douglas Corp., 469 F.2d 1249 (8th Cir. 1972), a hearing en banc was suggested and thereafter ordered upon a majority vote of the active judges of the court. See Rule 7 of the Local Rules of this Court. Reargument was not deemed necessary, and submission to the court en banc is on the basis of the record and briefs of the parties.

A. Thielens Phillips, St. Louis, Mo., filed appendix and briefs for appellant.

Micalyn S. Harris, St. Louis, Mo., filed brief for appellee.

Before GIBSON, Chief Judge, LAY, HEANEY, BRIGHT, ROSS, STEPHENSON and WEBSTER, Circuit Judges, en banc.

GIBSON, Chief Judge.

We are presented on this appeal with a question as to the proper statute of limitations governing the filing of a charge of employment discrimination under Title VII of the Civil Rights Act of 1964.[2] Specifically in question is the relationship of the Missouri statutory limitation of 90 days for the filing of a charge with the Missouri Commission on Human Rights[3] to the extended 300-day limitation period for filing charges with the Equal Employment Opportunity Commission (EEOC) in "deferral" states[4] provided by 42 U.S.C. § 2000e–5(e).

Plaintiff Melba Olson filed this action in the District Court December 19, 1973, followed with an amended complaint on February 5, 1974. In substance she claims Rembrandt Printing Company unlawfully discriminated against her in the terms and conditions of her employment on the basis of her sex. Jurisdiction in the District Court was predicated upon 42 U.S.C. § 1981 and 28 U.S.C. § 1343(4), § 706(f) of Title VII,[5] and upon the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Rembrandt filed a motion to dismiss for lack of jurisdiction, asserting Olson's noncompliance with the statute of limitations for filing an EEOC claim, the inapplicability of § 1981 to claims of sex discrimination, and failure to state a claim for relief under 29 U.S.C. § 206(d). The District Court granted the motion April 12, 1974, determining that Olson's administrative complaint was not timely filed, a condition precedent to bringing a federal action. It further concluded that the absence of any allegation of racial discrimination was fatal to her cause of action under 42 U.S.C. § 1981 and 28 U.S.C. § 1343(4).[6] It did, however, sustain jurisdiction under the Equal Pay Act. Leave was granted plaintiff to file a second amended complaint setting forth her claim under the Equal Pay Act. Instead of filing a second amended complaint plaintiff takes this appeal.

■ We are faced with a threshold question as to our appellate jurisdiction under 28 U.S.C. § 1291.[7] Rembrandt

---

**2.** 42 U.S.C. § 2000e et seq. as amended by the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103, reprinted in U.S.Code Cong. & Admin.News, 122 (1972). Hereafter, unless otherwise indicated, references to section numbers will be to those of the 1972 Act.

**3.** Mo.Rev.Stat. § 296.040 (1969), V.A.M.S., provides in pertinent part:

> 7. The commission shall establish rules of practice to govern, expedite, and effectuate the foregoing procedure and its own actions thereunder. Any complaint filed pursuant to this section must be so filed within ninety days after the alleged act of discrimination.

**4.** We use "deferral" states to indicate those states having a state or local agency with authority to grant or seek relief from unlawful employment practices as defined in 42 U.S.C. §§ 2000e–2 and 2000e–3. In such jurisdictions the EEOC must defer exercise of its jurisdiction to the state or local agency for 60 days in order to give the state or local agency an opportunity to act. 42 U.S.C. § 2000e–5(c). Missouri is a "deferral" state, 29 C.F.R. § 1601.12 (1974), its Commission on Human Rights having received provisional approval from the EEOC as being able to exercise authority in the area of unlawful employment practices.

**5.** 42 U.S.C. § 2000e–5(f)(3).

**6.** The District Court's determination that 42 U.S.C. § 1981 is only available to remedy racial discrimination is not challenged on this appeal. We therefore intimate no view as to the correctness of this conclusion.

**7.** 28 U.S.C. § 1291 provides:

> The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court.

contends that the decision of the District Court is not "final" within the meaning of § 1291 because the dismissal was only of plaintiff's complaint and not of her cause of action since leave to amend was given. However, since Olson chose not to plead further and would now be barred from doing so by the statute of limitations, thus waiving her right to file an amended complaint, we think the District Court's order dismissing the complaint is a final and appealable order. Richard v. McDonnell Douglas Corp., 469 F.2d 1249 n. 1 (8th Cir. 1972).

Plaintiff was employed by Rembrandt as a stripper-platemaker from February 1, 1971, until October 1, 1971, when she resigned, an event she claims was a constructive discharge. She filed her charge with the EEOC April 3, 1972, more than 180 days after termination of her employment. Acting pursuant to § 2000e–5(c) and EEOC regulation,[8] the EEOC deferred her charge to the Missouri Commission on Human Rights on April 5, 1972.

Although the charge was not filed within 90 days of the discriminatory act as required by § 296.040, the Missouri Commission accepted the charge. On July 31, 1972, it returned the charge to the EEOC for processing due to its backlog of complaints. The EEOC, after investigation, issued its determination November 28, 1972, that Olson had been paid a disparate wage and had been subjected to disparate terms and conditions of employment on account of her sex. The EEOC determined that this ultimately led to her being constructively discharged, in part because of her sex within the meaning of Title VII.

■ Conciliation attempts proved fruitless. The EEOC issued Olson a right-to-sue letter December 6, 1973, and the initial complaint was filed December 19, 1973. The District Court dismissed Olson's employment discrimination allegations as not timely filed with the EEOC, holding that the filing of a charge with the EEOC within the time limits of § 2000e–5(e) is a jurisdictional prerequisite to commencement of a court action. We agree that timely filing of an EEOC charge is a prerequisite to court action. See Moore v. Sunbeam Corp., 459 F.2d 811, 821 n. 26 (7th Cir. 1972); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359 (7th Cir. 1968); cf. Pacific Maritime Association v. Quinn, 491 F.2d 1294, 1295 (9th Cir. 1974). But see Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011, 1014–15 n. 6 (5th Cir. 1971).

The District Court reasoned that the charge was not timely filed under § 2000e–5(e),[9] as not filed within 180 days with the EEOC. Even though vicariously filed with the Missouri Commission on Human Rights during the 300-day period set out in § 2000e–5(e) by referral from the EEOC to the Missouri Commission, the charge did not meet the 90-day limitation period of Mo.Rev.Stat. § 296.040. The District Court felt that there had to be a timely filing with the state to give the plaintiff the benefit of the 300-day limitation period for claims initially filed with a state or local agency, noting that § 2000e–5(e) does not provide a 300-day period for initial filing with a state or local agency. See Dubois v. Packard Bell Corp., 470 F.2d 973 (10th Cir. 1972).

■ We agree with the District Court and the Dubois court that it would not

---

**8.** 29 C.F.R. § 1601.12 (1972).

**9.** Section 706 of Title VII, as amended by § 4(a) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–5(e), provides:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred * * * except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State

or local agency with authority to grant or seek relief from such practice * * * such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

be in keeping with the intent of Congress to allow one individual 300 days to file a charge because of the fortuitous circumstance that the state where the claim arose is a deferral state, when another individual in a non-deferral state will have only 180 days in which to file. The purpose underlying the extended period in a deferral state is to give the state agency an initial opportunity to process the claim without jeopardizing the federal right, not to extend by 120 days the time for assertion of this federal right.

■ We do not think it is entirely accurate to state, however, that a timely *state* filing is required to obtain the benefit of the extended filing period with the EEOC. While the purpose of the extended filing provision was to ensure that the federal remedy not be lost while the states were given an opportunity to act in the employment discrimination area and not to give complainants an extra 120 days, neither do we think it was the intent of Congress to allow states to frustrate the federal remedy by imposing limitation periods shorter than the federal which a complainant must meet to receive benefit of the extended filing period.

■■ In so saying we are not passing upon the validity of any state limitation period as applied to claims of employment discrimination filed with it, but merely noting that the state·limitation period cannot govern the efficacy of the federal remedy. Thus a complainant in a deferral state will have at least 180

days in which to file with the state or local agency to receive the benefit of the deferral period, limited, of course, by the requirement that the charge must be filed within 30 days after the state or local agency terminates its action.

In § 2000e–5(e), Congress in 1972 adopted a 180-day period within which a claim must be filed with the EEOC. The one exception to this 180-day period is that a complainant with a state or local remedy is given 300 days in which to file a complaint with the EEOC provided he "has initially instituted proceedings with a State or local agency." While Olson argues that this provision, in effect, gives her 300 days in which to initially file her complaint, a position accepted by the EEOC,[10] such a position is not supportable by the statute or legislative history underlying it.

While we agree that "the statute leaves much to be desired in clarity and precision," Cunningham v. Litton Industries, 413 F.2d 887, 889 (9th Cir. 1969), there is no doubt as to what the extended filing period in § 2000e–5(e) was intended to accomplish. In the 1964 Act a complainant was given 90 days in which to file a charge of employment discrimination. However, due to the proviso in then § 2000e–5(b) that the charge must first be made with a state or local agency if one exists, an additional 120 days was given to file a charge with the EEOC to allow a complainant to pursue his state or local remedies without prejudicing his federal right.[11]

**10.** *See Case No. KC7–5–315,* 1973 CCH EEOC Dec. ¶ 6024 (1969), wherein the Commission concludes that compliance with state statutes of limitation is not a prerequisite to its jurisdiction. The Commission interprets § 2000e–5(e) to give a person in a deferral state 300 days or 30 days after termination of state proceedings in which to file with the EEOC.

Since the Act does not make commencement of proceedings with the Commission dependent in any way upon the substance of state or local action or inaction, the latter provision [§ 2000e–5(e)] is a limitation upon the extent of the primary jurisdiction granted by [§ 2000e–5(c)]. Both sections cannot be read as granting *primary*

*exclusive* jurisdiction to the extent that the operations of a state statute of limitations could oust the Commission of jurisdiction entirely, since such a reading is refuted absolutely by the plain terms of the Act. *Case No. KC7–5–315, supra* at 4047 n. 1 (emphasis in original). *Accord, Case No. KC7–3–187,* 1973 CCH EEOC Dec. ¶ 6058 (1969). *Cf.* 29 C.F.R. § 1601.12(b)(1)(v).

**11.** That this was the intention of Congress appears from the remarks of Senator Humphrey during the floor debate:

Section 706(d) [§ 2000e–5(d)] establishes a 90-day period of limitations on the filing of a charge, with appropriate provisions to ex-

The extended filing period was not intended as a bonus for complainants residing in a deferral state but as a means of effecting an accommodation between the federal right and the requirement of pre-amendment § 2000e–5(b) of initial resort to an available state or local agency.

We are here concerned with amended Title VII. However, except for an enlargement of time for filing a charge from 90 to 180 days and concomitant extension of the deferral provision to 300 days, there were no substantive changes made in § 2000e–5(d) (renumbered § 2000e–5(e)).[12]

Thus a charge of employment discrimination must be filed within 180 days whether or not the complainant is in a deferral state. If in a deferral state it must be filed with the state or local agency within 180 days. The complainant is then given the extended period for filing with the EEOC to allow him to pursue his state claim without waiving possible relief under the Federal Act.

Application of the above analysis to the present case requires affirmance of the District Court's dismissal of Olson's complaint as not timely filed. The charge was not filed within 180 days of the alleged act of discrimination with the state agency and thus Olson is not entitled to the benefit of the 300-day extended filing period.

A prior Eighth Circuit case, Richard v. McDonnell Douglas Corp., 469 F.2d 1249 (8th Cir. 1972), presented facts substantially similar to the instant case. The defendant argued for dismissal on the ground that Richard's complaint was not filed within 210 days of the discriminatory act. In adopting the tolling concept of Vigil v. American Telephone & Telegraph Co., 455 F.2d 1222 (10th Cir. 1972), and Anderson v. Methodist Evangelical Hospital, Inc., 464 F.2d 723 (6th Cir. 1972), the court did not discuss the failure of Richard to file her charge within the then 90-day limitation period, but held that "initial receipt of the original charges by the EEOC serves to toll the running of the statute of Limitations." Richard, supra 469 F.2d at 1251. Richard did not directly pass on the question of whether a charge is timely filed with the EEOC when it was not filed with the state commission within the state's limitation period or filed with the EEOC within the 180-day period and then referred by the EEOC to the state commission for processing.

Olson makes several other arguments that we feel require discussion in the context of this case. She argues that regardless of the result we reach on the applicable limitations period, her complaint was timely as it alleged continuing violations of Title VII, and that neither the 180-day nor the 300-day limitation period bars claims of "continuing" discrimination. While we have recog-

---

tend the period in the situation in which prior resort is had to a State agency. Moreover, section 706(d) is carefully worded to protect an individual who, in good faith, unnecessarily seeks to comply with the requirement of initial resort to State or local authority. Such a person will not lose his right to relief simply because the 90-day period for filing with the Federal Commission has elapsed while he seeks to pursue State remedies.

110 Cong.Rec. 12721–25 (1964), reprinted in EEOC Legislative History of Titles VII and XI of Civil Rights Act of 1964 at 3006 [hereinafter Leg.Hist.]. The same theme is echoed in the remarks of Senator Dirksen:

The additional 120 days is to allow him to pursue his remedy by State or local proceedings.

Leg.Hist. at 3018.

**12.** See summary of procedures by Representative Dent in the Congressional Record March 8, 1972, reprinted in BNA, The Equal Employment Opportunity Act of 1972 (1973) at 297, which provides in pertinent part:

Procedures Where State Equal Employment Opportunity Law Exists

(1) A charge must be filed within 180 days after the occurrence of an alleged unlawful employment practice.

If a charge is initially filed with a state or local agency, such charge must be filed with the Commission within 300 days after the alleged unlawful practice has occurred or within 30 days after receipt of notice that the state or local agency has terminated its proceedings.

**1234**

nized that "compelling circumstances" may be sufficient to warrant a finding of "continuing" discrimination, Richard v. McDonnell Douglas Corp., 469 F.2d 1249, 1253 (8th Cir. 1972), it is clear that those compelling circumstances do not exist in this case.

 The rationale underlying the allowance of actions for continuing discrimination is to provide a remedy for past actions which operate to discriminate against the complainant at the present time. Marquez v. Omaha District Sales Office, 440 F.2d 1157, 1160 (8th Cir. 1971). See Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1210–12 (1971). Termination of employment either through discharge or resignation is not a "continuing" violation. It puts at rest the employment discrimination because the individual is no longer an employee.

As we noted in Richard, to construe loosely "continuing" discrimination would undermine the theory underlying the statute of limitations. While the continuing discrimination theory may be available to present employees, cf. Griggs v. Duke Power Co., 401 U.S. 424, 429–30, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), even though on layoff, Cox v. United States Gypsum Co., 409 F.2d 289 (7th Cir. 1969); Sciaffra v. Oxford Paper Co., 310 F.Supp. 891 (D.Me.1970), we do not think this theory has validity when asserted by a former employee. For such a former employee the date of discharge or resignation is the controlling date under the statute, and a charge of employment discrimination must be timely filed in relation to that date.

Further, Olson claims that even if her individual claim is untimely she has standing to represent a class of current and discharged employees. In view of our disposition of the case upon the aforementioned grounds, we do not decide this question. We have noted that it may be appropriate for a discharged employee to bring a class action attacking employment discrimination generally.

Reed v. Arlington Hotel Co., 476 F.2d 721 (8th Cir. 1973). However, the District Court did not make a determination that this was or was not an appropriate suit for class action treatment. Plaintiff was given leave to file a second amended complaint and chose not to do so. Until the District Court determined that it had jurisdiction it was unnecessary to make a class determination.

The dismissal of the cause of action under Title VII is affirmed.