James L. **BOYCE,** Appellant,

v.

**REYNOLDS METALS COMPANY,**
Appellee.

No. 75–1488.

United States Court of Appeals,
Eighth Circuit.

Submitted March 1, 1976.

Decided March 16, 1976.

James L. Boyce, pro se.

Daniel R. O'Neill and Hollye E. Stolz, St. Louis, Mo., for appellee. Veryl L. Riddle, St. Louis, Mo., filed appearance but did not argue.

Before HEANEY, BRIGHT and ROSS. Circuit Judges.

PER CURIAM.

■ Appellant James L. Boyce, a former employee of the Reynolds Metals Co. (Reynolds), appellee, filed a complaint in the United States District Court for the Eastern District of Missouri under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging racial discrimination on the part of Reynolds and seeking *inter alia*, reinstatement and back pay.[1] After a trial on the merits, the district court[2] rendered a bench decision dismissing Boyce's claims.

Early in 1971 Boyce, who was employed as a laborer by Reynolds, was assigned the

job of cleaning around certain machinery with a cleaning solution containing several solvents. After working in close contact with this cleaning solution for a short period of time, Boyce developed a severe case of asthma, necessitating hospitalization. He returned to work several times, but each time suffered renewed attacks of asthma requiring him to take sick leave. Boyce's doctors determined that he was allergic to the cleaning solution and that he should avoid close contact with its fumes. Reynolds determined that since the cleaning solution was used throughout the plant, there was no job which Boyce could perform at Reynolds and still avoid contact with such fumes; therefore, Reynolds terminated Boyce's employment on July 27, 1971, for health reasons.

■ Boyce alleged that he was discriminated against on the basis of race in (1) job assignment (2) denial of sick leave and (3) his termination rather than reassignment to another position. The law is clear that Boyce had the burden to affirmatively prove racial discrimination. *Naraine v. Western Electric Company, Inc.*, 507 F.2d 590, 593 (8th Cir. 1974); *King v. Yellow Freight System, Inc.*, 523 F.2d 879, 881 (8th Cir. 1975). We have carefully reviewed the entire record and conclude that Boyce has failed to sustain his burden of proof of racial discrimination on the part of Reynolds as to each of these allegations.

■ With respect to his allegation regarding job assignment, Boyce alleged that he was transferred from his regular assignment of cleaning offices to cleaning under and around the machinery on a full-time basis, that this new assignment was a dangerous, undesirable one,[3] and that the transfer was made because of his race. However, the record clearly reflects that

---

1. This court lacks jurisdiction of the Title VII claim. Boyce did not file his complaint with the EEOC within 180 days of the alleged acts of discrimination. *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975).

2. The Honorable James H. Meredith, U. S. District Court for the Eastern District of Missouri.

3. The assignment consisted essentially of softening the buildup of wax and other material under the machines with solvents and then chipping it away with tools. Boyce contended that he was ordered to perform this job while the machines were operating, whereas other employees were ordered to do so only when the machines were turned off.

white employees as well as black employees of Reynolds were assigned to clean the areas under and around the machinery, that some were asked to do so while the machines were operating, and that all of these other employees used the same cleaning solutions as those used by Boyce. The record further clearly reflects that Boyce did not object to the job assignment, and did not use his seniority privilege of bidding on another job until immediately prior to his last weeks of work.[4] While the record is unclear whether other laborers were assigned the job of cleaning around the machinery on a full-time, daily basis, Reynolds offered evidence to show that Boyce was transferred from his previous assignment of cleaning offices on a daily basis because his numerous and prolonged absences from the job for illness or other reasons made it unduly difficult for Reynolds to assure that the offices were cleaned on a daily basis. Boyce simply offered no evidence proving that his new assignment was given to him because of his race.

Boyce further alleged that he was denied sick or disability leave for discriminatory reasons. The record reflects that after his illness became apparent, Boyce was given sick leave benefits for approximately two and one-half months. Furthermore, prior to this time Boyce took frequent sick leave. Reynolds offered evidence that Boyce's doctors had reported to it that Boyce was in good health and able to work, and that the only limit to his ability to work was the necessity of avoiding close contact with the fumes given off by the cleaning solution. Boyce failed to show that he was entitled to further sick leave or disability

benefits and that he was denied those benefits for racially discriminatory reasons.

Finally, Boyce alleged that he was discriminatorily discharged and that Reynolds should have reassigned him to another job. The district court found that there was no credible evidence to show that the discharge was motivated by any reason other than Boyce's medical condition; we hold that this finding is not clearly erroneous. The record reflects that fumes from the cleaning solvent were present throughout the plant, that efforts were made by Reynolds to find another position for Boyce where he would not come in contact with the fumes,[5] and that Boyce suffered a serious asthma attack even when working in an air conditioned, air filtered room located some distance from the area where fumes were the strongest.[6] The record contains sufficient evidence that Reynolds' discharge of Boyce was not racially discriminatory, but rather that Reynolds terminated Boyce's employment because it was unable to provide working conditions necessary to enable him to maintain his health.

The judgment of the district court is affirmed.

---

4. At the time in question Reynolds operated in three shifts. Boyce chose not to bid out of his job assignment because he preferred to work on the third shift in order to operate a small store during the daytime.

5. Boyce alleged that Reynolds had created special assignments for other employees who were disabled. However, the record shows that such special assignments were temporary and were made because the employee's disability did not prevent him from performing the assignment. The record shows with regard to Boyce that his

disability was such as to prevent him from carrying out any such temporary assignments.

6. Boyce claimed at the trial that he worked without any problem in an area referred to as the spooling department for two days and was then assigned back to the area in which he had developed the allergy problems. However, Boyce's testimony was inconsistent, and a witness for Reynolds testified that its records showed that Boyce suffered an asthma attack when working in the spooling department.