Frances DE GIDEO

v.

**SPERRY–UNIVAC COMPANY.**

**Civ. A. No. 75–2637.**

United States District Court,
E. D. Pennsylvania.

June 9, 1976.

George F. Wood, Norristown, Pa., for plaintiff.

William H. Brown, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff brings this civil rights action alleging that Sperry-Univac Company ("Sperry") terminated her employment for discriminatory reasons based upon sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1870, 42 U.S.C. § 1981. Presently before the Court is Sperry's motion to dismiss the complaint for lack of subject matter jurisdiction. Specifically, Sperry contends that plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Sperry also contends that § 1981 was not designed to prohibit discrimination based upon sex. For the reasons stated below, the motion to dismiss will be granted.[1]

The requisite time limitation within which an aggrieved person ("complainant") must file charges of discrimination with the

---

1. Concerning plaintiff's § 1981 claim, this Court recently held that sex discrimination claims are outside the parameters of § 1981. *Presseisen v. Swarthmore College*, 71 F.R.D. 34, 38 (E.D.Pa.1976). Accordingly, the § 1981 claim will be dismissed.

EEOC are contained in 42 U.S.C. § 2000e–5(e) (Supp. II, 1972).[2] If a complainant has initially instituted proceedings with a state unfair employment practices agency, he or she must file a charge with the EEOC within 300 days after the alleged act of discrimination or within 30 days of the receipt of notice that the state agency has terminated its proceedings. Otherwise, all charges must be filed with the EEOC within 180 days after the alleged discrimination. Since timely filing of charges is a "jurisdictional" prerequisite, *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 246 & n. 8 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975),[3] a failure to comply with § 2000e–5(e) deprives a district court of subject matter jurisdiction.

In the instant case, plaintiff's employment was terminated by Sperry on August 27, 1974. On April 11, 1975, 227 days after her discharge, plaintiff attempted to file a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC")[4] and, on the same day, she filed a discrimination charge with the EEOC. Following a review, the EEOC sent plaintiff a statutory notice of her right to sue and informed her that it had dismissed the charge for lack of jurisdiction. Plaintiff filed her judicial complaint on October 7, 1975.

Initially, we must decide whether plaintiff's federal judicial remedy is barred because she failed to timely file a charge of discrimination with the PHRC within the 90-day state limitation period.[5] We hold that it is not. Whatever may have been the Pennsylvania Legislature's reasons for establishing a 90-day limitation period, it is clear that this time limit may not bar an otherwise valid Title VII cause of action. As pointed out by the court in *Davis v. Valley Distributing Co.,* 522 F.2d 827 (9th Cir. 1975), *petition for cert. filed,* 44 U.S. L.W. 3404 (U.S. Dec. 13, 1975) (No. 75–836):

If the state in which the unlawful practice occurred affords a remedy, prior resort to that remedy is a precondition to intervention by EEOC and suit in federal court. If access to EEOC and the federal court were also conditioned upon invocation of the state remedy within a period of limitation shorter than that required for application to EEOC, the state and not the federal period of limitations would control the availability of the federal remedy. The complainant would be required to file his charge of discrimination, not within the period fixed by Congress, but within the period fixed by the state in which the unlawful practice occurred.

522 F.2d at 832 (citation omitted). Accordingly, the *untimely* filing of a discrimina-

---

**2.** 42 U.S.C. § 2000e–5(e) (Supp. II, 1972) provides in pertinent part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

**3.** We note that the timely filing of charges is not "'jurisdictional' in the sense that compliance with it *vel non* determines the jurisdiction

of the district court, without respect to any of the other circumstances in a particular case." *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 928 (5th Cir. 1975). Rather, the statutory time limit should be analogized to statutes of limitations, so that equitable principles, such as tolling and estoppel, may be applied. *Id. See East v. Romine, Inc.,* 518 F.2d 332, 336 & n. 3 (5th Cir. 1975). *Cf. Beamon v. W. B. Saunders Co.,* 413 F.Supp. 1167 (E.D.Pa., filed April 27, 1976) (Fullam, J.).

**4.** The PHRC is an "agency with authority to grant or seek relief" from unlawful employment practices within the meaning of 42 U.S.C. § 2000e–5(e). 29 CFR § 1601.12(m) (1975). *See* 43 P.S. § 956 (Supp.1975).

**5.** 43 P.S. § 959 (Supp.1975) requires, *inter alia,* a complaint alleging employment discrimination to be filed with the PHRC within 90 days after the alleged act of discrimination.

tion charge with a state or local agency does not necessarily bar a complainant's federal judicial remedy, but, as more fully discussed below, only alters the time period within which a charge with the EEOC must be filed.

The question raised in this case, therefore, is whether plaintiff, having failed to timely file a charge with the PHRC *and* having failed to file a charge with the EEOC within 180 days of the alleged discriminatory act, may still obtain the benefit of the extended 300-day filing period with the EEOC.

■■■ As mentioned above, the general rule is that a complainant must file a charge with the EEOC within 180 days of the alleged discriminatory act. *Only* if the complainant has "initially instituted proceedings" with the appropriate state agency may he obtain the benefit of the extended filing period.[6] The purpose underlying this extended period "is to give the state agency an initial opportunity to process the claim without jeopardizing the federal right, not to extend by 120 days the time for assertion of this federal right." *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1232 (8th Cir. 1975) (en banc). Where, as here, a charge is not timely filed with the appropriate state agency, the purpose for allowing the extended federal filing period is not served, since there is nothing before the state agency to process. More importantly, to allow a complainant to obtain the benefit of the extended filing period, notwithstanding the untimely filing of a state charge, would

lead to the anomalous result of requiring complainants in states without unfair employment practice agencies to file an EEOC charge within 180 days of the alleged discriminatory act while, at the same time, allowing complainants in states with such agencies to file an EEOC charge within 300 days of the alleged discriminatory act, without having instituted proceedings with the state agency. Accordingly, plaintiff's failure to file a charge of discrimination with the EEOC within 180 days of her termination from employment deprives this Court of subject matter jurisdiction.

Mention should be made at this point of *Olson v. Rembrandt Printing Co., supra,* as it is the leading case concerning the issue of timely filing of employment discrimination charges. In *Olson,* the plaintiff filed charges of discrimination with the state agency and with the EEOC more than 180 days after, but within 300 days of, her termination from employment.[7] The district court held that the charge was not timely filed under § 2000e-5(e), as it was not filed with the EEOC within 180 days of the plaintiff's termination. The district court reasoned that the plaintiff was not entitled to the benefit of the 300-day limitation period since she did not timely file a charge with the state agency. The Eighth Circuit affirmed. Unlike the district court, however, the court did not hold that a timely state filing is required to obtain the benefit of the extended federal filing period. Rather, the court held that a complainant located in a state with an unfair em-

---

6. Plaintiff was interviewed by a representative of the PHRC on April 11, 1975. Following the interview, the representative recorded the "details of discussion" on the PHRC's "Compliance Inquiry Report Form." The report states:

C[omplainant] was terminated in August 1975 [*sic*]. Alleges sex and religion. *I informed her we have no jurisdiction on account of expiration of 90 days.* Told her to bring this fact to EEOC attention so they would not differ. (Original emphasis.)

In addition, the representative referred plaintiff to the EEOC. Apparently plaintiff followed his advice, as she filed a charge with the EEOC that same day. In light of these facts, it is clear that plaintiff *attempted* to institute pro-

ceedings with the PHRC but did not "institute proceedings" as required by the language of § 2000e-5(e). In other words, a complainant has "instituted proceedings" with a state unfair employment practices agency only when a charge has been filed in the proper form and within the state limitation period, so as to enable the agency to assume jurisdiction over the charge as well as to enable it to begin to process the charge.

7. The state agency was the Missouri Commission on Human Rights. Missouri law required that charges of discrimination be filed within 90 days after the alleged act of discrimination. *See* Mo.Ann.Stat. § 296.040 (Vernon 1969).

ployment practices agency "will have at least 180 days in which to file with the state or local agency to receive the benefit of the deferral period, limited, . . . by the requirement that the charge must be filed within 30 days after the state or local agency terminates its action." 511 F.2d at 1232. In support of its holding, the court stated:

> While the purpose of the extended filing provision was to ensure that the federal remedy not be lost while the states were given an opportunity to act in the employment discrimination area and not to give complainants an extra 120 days, neither do we think it was the intent of Congress to allow states to frustrate the federal remedy by imposing limitation periods shorter than the federal which a complainant must meet to receive benefit of the extended filing period. *Id.* at 1232.

Although some courts have adopted the *Olson* rule, *Anderson v. Port Authority,* 12 FEP Cases 1101 (W.D.Pa. Feb. 12, 1976); *Doski v. M. Goldseker Co.,* 11 FEP Cases 468 (D.Md. July 17, 1975), this Court is disinclined to do so for two reasons. First, the *Olson* court's reasoning, that a short state limitation period may not control the federal limitation period which a complainant must meet in order to receive the benefit of the extended filing period, is not supported by the language of § 2000e–5(e) itself. That section does not prescribe a federal period within which a complainant must file a charge with a state agency. It merely states that, if a complainant has initially *instituted* proceedings with a state agency, he is entitled to the benefit of the extended filing period. We are unable to discern how a complainant may be said to have "instituted" proceedings with a state agency when the state limitation period has expired.[8] Second, it appears that the rule in no way furthers what the Eighth Circuit deems to be the purpose underlying the extended filing period—namely, to give the state agency an initial opportunity to process the claim without jeopardizing the federal right. If a complainant fails to file a timely charge with a state agency, there is no need to extend the period for filing with the EEOC, since there is no claim before the state to process.[9]

■ Accordingly, if a complainant fails to *timely* file a charge of discrimination with the appropriate state or local agency, then he or she is not entitled to the benefit of the 300-day limitation period, but *must* file a charge with the EEOC within 180 days after the alleged discriminatory act. Since plaintiff fails to meet this requirement, the complaint must be dismissed. An appropriate Order will be entered.

---

8. *See* note 6 *supra.*

9. Additionally, the *Olson* rule does not take into account the situation where the state limitation period is longer than 180 days. For example, if the state period is 210 days and a complainant files a charge with a state agency within 200 days, then he would be entitled to the benefit of the extended filing period. *See Williamson v. Chevron Research Co.,* 12 FEP Cases 95 (N.D.Cal. Jan. 19, 1976). *But see Roberts v. Lockheed Aircraft Corp.,* 11 FEP Cases 1440 (C.D.Cal. Dec. 18, 1975). We note that the *Olson* court did not have to consider such a fact situation, as all of the states within the Eighth Circuit require that a charge be filed with their state agency within 180 days or less. *See Williamson v. Chevron Research Co., supra,* 12 FEP Cases at 96 n. 2. Similarly, all of the states within the Third Circuit, as well as the United States Virgin Islands, require that a charge be filed with the state agency within 180 days or less. *See* 43 P.S. § 959 (Supp.1975) (Pennsylvania—90 days); N.J.Stat.Ann. § 10:5–18 (Supp.1975) (New Jersey—180 days); Del. Code Ann. tit. 19, § 712(d)(1975) (Delaware—90 days or 120 days after discovery of alleged unlawful employment practice, whichever is the later); V.I. Code Ann. tit. 24, § 453(b)(1970) (United States Virgin Islands—90 days).