Frances DeGIDEO

v.

SPERRY–UNIVAC COMPANY.

Civ. A. No. 77–3649.

United States District Court,
E. D. Pennsylvania.

Feb. 2, 1978.

Frances DeGideo, pro se.

William H. Brown, III, Philadelphia, Pa., for defendant.

### MEMORANDUM

BECHTLE, District Judge.

Plaintiff Frances DeGideo ("DeGideo") filed a complaint against defendant Sperry-Univac Company * ("Sperry"), alleging that she was discriminated against on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq., as amended,* § 206(d)(1) of the Fair Labor Standards Act ("Equal Pay Act"), 29 U.S.C. §§ 201 *et seq.,* and all applicable Executive Orders. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1361, 1343, 2201, 2202 and

---

* In the caption and body of her amended complaint, plaintiff has incorrectly referred to defendant Sperry-Univac Company as "Sperry Univac Computer Industry."

1337, 42 U.S.C. § 2000e–5(f) and 29 U.S.C. §§ 216(b) and 206(d), *et seq.*[1] No amount in controversy is alleged. Sperry has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground, *inter alia*, that DeGideo is barred from filing a claim under the Equal Pay Act because she failed to file her complaint within the applicable statute of limitations, 29 U.S.C. § 255(a).[2]

 Preliminarily, we hold that this Court lacks federal subject matter jurisdiction to hear DeGideo's claims based upon the United States Constitution, Title VII or the applicable Executive Orders. First, a review of this action and of related cases filed in this Court reveals that DeGideo previously filed a Title VII action against Sperry which presented identical factual allegations. In the previous case, *DeGideo v. Sperry-Univac Co.,* 415 F.Supp. 227 (E.D.Pa. 1976), we held that this Court lacked subject matter jurisdiction over DeGideo's Title VII claims against Sperry because she failed to meet the jurisdictional prerequisites of 42 U.S.C. § 2000e–5 by failing to file a charge with the Equal Employment Opportunity Commission within 180 days of the alleged discriminatory act. In *DeGideo, supra,* the 180-day period was deemed to commence running on August 27, 1974, the day that DeGideo's employment was terminated by Sperry. In the present action, DeGideo did not allege the dates of her employment with Sperry. Because this case involves the same parties, facts and allegations as *DeGideo, supra* ; because DeGideo did not allege the dates of her employment with Sperry for purposes of the present action; and because we have no reason to believe that DeGideo has been employed with Sperry since the date of her last action, we find that DeGideo's Title VII claim against Sperry in the present action accrued on August 27, 1974. On the basis of *DeGideo, supra,* we hold that DeGideo has failed to satisfy the jurisdictional requirements of 42 U.S.C. § 2000e–5. This Court, therefore, lacks subject matter jurisdiction over DeGideo's Title VII claims against Sperry. Second, of the jurisdictional bases cited by DeGideo in her complaint, only 28 U.S.C. § 1331 could arguably serve as a basis for her constitutional or Executive Order claims. However, because DeGideo failed to allege an amount in controversy in excess of $10,000, exclusive of interest and costs, she has failed to satisfy the requirements of 28 U.S.C. § 1331. This Court, therefore, lacks subject matter jurisdiction to hear DeGideo's Executive Order or constitutional claims.

 Finally, we hold that Sperry's Fed.R. Civ.P. 12(b)(6) motion to dismiss DeGideo's claims under the Equal Pay Act must be granted. 29 U.S.C. § 255(a) requires suits under the Equal Pay Act to be filed within two years after the claim accrued, except in cases "arising out of a willful violation," in which case a party has three years after the claim accrued within which to file the action. For the reasons stated above in the discussion of DeGideo's Title VII claim, we find that DeGideo's Equal Pay Act claim against Sperry accrued on August 27, 1974, the date that her employment was terminated by Sperry. The present complaint was filed November 17, 1977. Therefore, even assuming *arguendo* that DeGideo's claim "arose out of a willful violation," her complaint was filed more than three years after her claim against Sperry accrued. Because DeGideo failed to file her complaint within the mandatory time limits of 29 U.S.C. § 255(a), she has failed to state a claim under the Equal Pay Act upon which relief can be granted.

Accordingly, DeGideo's complaint will be dismissed.

An appropriate Order will be entered.

---

1. The Court notes that many of the statutory sections cited by plaintiff do not confer federal court jurisdiction or are improperly cited. However, for purposes of completeness, we will repeat those sections cited by DeGideo in her jurisdictional statement.

2. Because we find that Sperry's motion to dismiss for failure to state a claim under the Equal Pay Act must be granted, we need not address the other ground raised in support of its Fed.R. Civ.P. 12(b)(6) motion.