Stanley BROWN, Plaintiff,

v.

BI–STATE DEVELOPMENT AGENCY, Defendant.

No. 77–227 C (1).

United States District Court, E. D. Missouri, E. D.

April 13, 1978.

Charles P. Todt, Susan M. Hammer, Clayton, Mo., for plaintiff.

Kenneth C. Brostron, Lashly, Caruthers, Thies, Rava & Hamel, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motion of defendant for summary judgment. For the following reasons, defendant's motion will be sustained.

On August 8, 1972, plaintiff filed an application for employment as a bus driver with defendant. On June 25, 1973, defendant's supervisor of employment, Bennie Campbell, a black, notified the plaintiff he would not be hired because of a consumer report made by Retail Credit Co. of St. Louis. The report revealed plaintiff had misrepresented and omitted facts on his application, as well as other information, which, in defendant's judgment, rendered him unqualified for the job.

For example, on plaintiff's application he certified that his driving privileges had never been suspended, although his driving record from the Missouri Department of Revenue clearly shows he was, in fact, at one time suspended. At the bottom of the application plaintiff signed the application. Immediately above that signature was the statement: "It is agreed that any misrepresentation or omission of facts called for on this application is cause for my dismissal."

Defendant's refusal to hire plaintiff was further buttressed by the fact that a police records check authorized by plaintiff revealed he had been arrested for a narcotics violation under Missouri's Controlled Substance Law.

Finally, defendant was evidently influenced by Department of Transportation Regulations, which state that a driver is unqualified to operate a motor vehicle if he or she uses any amphetamines, narcotics, or habit-forming drugs. See: 49 C.F.R. § 391.41, Subpart E.

Notwithstanding the above, plaintiff has sued defendant alleging that defendant refused to hire him in violation of his civil rights "as protected by the due process and equal protection clauses of the U. S. Constitution." Plaintiff's first amended complaint, apparently based on the Civil Rights Act 42 U.S.C. § 1983, is founded on the theory that because defendant's employment decisions are partially based on arrest records, blacks are discriminated against because blacks are arrested substantially more often than whites. Plaintiff has alleged no claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

Defendant has moved for summary judgment on the grounds that the pleadings, affidavits, and exhibits illustrate plaintiff can state no claim given the present factual posture of this case. The Court agrees.

Under the due process clause of the Fourteenth Amendment, a person's life, liberty, and property are protected from deprivation for arbitrary reasons. Apparently, plaintiff is complaining that he was deprived of his property rights by being denied employment with defendant. Public employment, however, is not "property" within the meaning of the Due Process Clause. *Jenson v. Olson*, 353 F.2d 825, 828 (8th Cir. 1965). Since the provision does not protect mere concessions or privileges which authorities may control, or rights or interests not yet vested, plaintiff does not have a property right within the protection of the Due Process Clause.

Even if it could be said that plaintiff had an interest which could be protected, the clause prohibits only those classifications which are patently arbitrary and totally lacking in rational justification. It is, therefore, clear plaintiff can state no cause of action for infringement of his due process rights with respect to defendant's refusal to hire him in 1973.

Plaintiff next alleges that defendant's action deprived him of equal protection of the laws under the Fourteenth Amendment. Action by a state is not unconstitutional solely because it results in a racially disproportionate impact. *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. 252,

265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977). Plaintiff has not alleged, nor has he illustrated any facts which evidence a "racially discriminatory intent or purpose."

 Neither the due process clause nor the Equal Protection Clause limit an employer's power to investigate the capabilities and competence of each applicant and to make employment decisions accordingly.

The Court is of the opinion that plaintiff can prove no set of facts which would entitle him to relief. Defendant's motion for summary judgment will, therefore, be granted since there are no genuine issues of material fact. Rule 56, F.R.C.P., 28 U.S.C.; *Commercial Iron & Metal Co. v. Bache & Co., Inc.*, 478 F.2d 39 (10th Cir. 1973). See, also, *Caylor v. Virden*, 217 F.2d 739 (8th Cir. 1955).

 It should be noted that this Court would be without jurisdiction to hear an alleged claim under the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., for the reason that the alleged discriminatory act occurred on June 25, 1973, and plaintiff's complaint with the Equal Employment Opportunity Commission was untimely filed on June 12, 1974. The statute clearly requires such a complaint to be filed within 180 days of the date of the alleged discrimination. *Olson v. Rembrandt Printing*, 511 F.2d 1228, 1232 (8th Cir. 1975); 42 U.S.C. § 2000e–5(e). Furthermore, plaintiff's "inquiry" of defendant in May of 1974 would not serve to toll the statute since there was no continuing violation.

Finally, there is no allegation of an across-the-board disqualification policy for applicants with arrest records. The facts pleaded in this instance, even if proved, could in no way satisfy the standard in *Green v. Missouri Pacific R.R.*, 523 F.2d 1290 (8th Cir. 1975).

Accordingly, defendant's motion will be sustained and the complaint will be dismissed with prejudice.