Frank **UGIANSKY**

v.

**FLYNN AND EMRICH COMPANY** et al.

Vincent **R. CHASTANG**

v.

**FLYNN AND EMRICH COMPANY** et al.

Civ. Nos. 71–652–M, 71–593–M.

United States District Court,
D. Maryland.

Feb. 5, 1972.

**808**

Harry Goldman, Jr., Baltimore, Md., for plaintiffs.

Southey F. Miles, Jr., and Miles & Janssens, Baltimore, Md., for defendant The Equitable Trust Co.

Paul L. Cordish and David Cordish, Baltimore, Md., for Flynn and Emrich Co., Charles T. Turner, James F. Turner, III, and James F. Turner, Jr.

A. C. Wharton and David W. Zugschwerdt, Washington, D. C., for Equal Employment Opportunity Commission, amicus curiae.

JAMES R. MILLER, Jr., District Judge.

## OPINION AND ORDER

These companion cases are premised upon an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., with respect to Flynn and Emrich Company's retirement plan.[1]

Plaintiffs, two retired male employees, claim the plan discriminated against them on the basis of sex because females were entitled to earlier retirement with greater retirement benefits. Under the plan retirement was permitted at age 60 for women and at age 65 for men. The plan permitted early retirement for employees of both sexes. However, women who retired early could withdraw the entire benefits which had accrued to them, but early retiring males could withdraw only up to 50% of their fund, and were forced to wait until their 65th birthday to receive the remainder.

The defendants have filed motions to dismiss. Since the court has considered affidavits in deciding these motions, they will be considered as motions for summary judgment under Rule 12(b), F.R.Civ.P.

## I

The defendants argued in their briefs and at a hearing on the motions that the plaintiffs have failed to comply with the filing prerequisites of 42 U.S.C. § 2000e et seq. The statute provides that a person claiming to be aggrieved by a violation of Title VII may not maintain a suit for redress in a Federal District Court until he has first unsuccessfully pursued certain avenues of potential administrative relief.[2]

Both plaintiffs in these two cases filed their initial charges of discrimination against the defendants[3] within 210 days after the alleged unlawful employment practice occurred.[4] In the case

---

1. Counsel at oral argument on the motions indicated that the retirement plan has been revised as to the terms in question in these cases. Any opinion in these cases is limited to discussion of the plan as it existed when the charges were lodged by the plaintiffs herein.

2. 42 U.S.C. § 2000e–5(e).

3. The complaint and record lack information as to whether or not all the named defendants were parties to the Equal Employment Opportunity Commission (EEOC) proceeding. If certain

defendants were not respondents before the EEOC, this court would lack jurisdiction as to them. 42 U.S.C. § 2000e–5(e). However, absent facts necessary to decide the question, this court will assume, for the present, that it has jurisdiction over all the defendants.

4. Chastang alleges that the act of discrimination (and hence the unlawful employment practice) as to him occurred on July 25, 1968, the date of his retirement, while the defendants say that the date of the

of Chastang, the complaint was filed in the district office of the EEOC on October 22, 1968, and referred by it to the Maryland Human Relations Commission on October 28, 1968. On October 30, 1968, the State Human Relations Commission waived jurisdiction in Chastang's case and the EEOC assumed jurisdiction at that time. In the case of Ugiansky, the complaint was filed in the district office of the EEOC on April 23, 1969, and was the next day referred to the Maryland Human Relations Commission. On June 27, 1969, more than 60 days having expired from the date of the referral of Ugiansky's case to the Maryland agency (see 42 U.S.C. § 2000e–5(b)), the EEOC assumed jurisdiction.

▇ The defendants argue that this procedure was improper and unacceptable under the Act, claiming that subsequent to the dismissal or waiver of charges before the Maryland Human Relations Commission, the plaintiffs must refile with the EEOC. The defendants object to the EEOC "guidance" of complaints through the state procedures and argue that this practice violates the statutory prerequisites to the maintenance of a suit. The principal case relied upon by the defendants has been Love v. Pullman Company, 430 F.2d 49 (10th Cir. 1969), cert. granted, 401 U.S. 907, 91 S.Ct. 873, 27 L.Ed.2d 805 (1971). In Love the plaintiff, as the plaintiffs before this court, filed first with the EEOC and did not refile with the EEOC after the Colorado Commission had waived its jurisdiction over the grievance. The Supreme Court, in Love v. Pullman Company, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), reversed the Court of Appeals dismissal and in so doing mandates this court's acceptance and approval of the procedures followed by the plaintiffs in this case. The Supreme Court stated:

"Nothing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself . . . Further we cannot agree with the respondent's claim that the EEOC may not properly hold a complaint in 'suspended animation,' automatically filing it upon termination of the state proceedings." 404 U.S. at 525, 92 S.Ct. at 618.

act of discrimination, if any, was July 16, 1968. Ugiansky alleges that the act of discrimination as to him occurred on March 24, 1969, the date of his retirement, while the defendants apparently say that the act of discrimination, if any, was March 27, 1969. In any event, irrespective of which date is considered to be the date the unlawful employment practice occurred in each case, both the dates that the initial complaints were filed by the respective plaintiffs with the EEOC and the dates when the EEOC assumed jurisdiction in the respective cases were within 210 days of the respective dates on which the alleged unlawful employment practices respectively occurred. Any other result would mean that an individual following the procedure approved by Love v. Pullman Company, 404 U.S. ——, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), would be required to file with the EEOC within 90 days under one provision of 42 U.S.C. § 2000e–5(d) while under another provision of § 2000e–5(d) an individual who had gone straight to the State Commission would have 210 days to return and file with the EEOC. The Love decision indicates the view of the Supreme Court that technicalities, such as a ruling in favor of the defendants on this point would foster, are "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate the process." 404 U.S. at 527, 92 S.Ct. at 619. This court believes that the statute intends to create an equal period of time for filing complaints with the EEOC, as to those individuals whose complaints occurred in states or other governmental units which have commissions falling within the definitions of § 2000e–5(b), whether or not the complaint is first physically delivered to the state commission or to the EEOC. As long as the state commission has been afforded the first opportunity to act on the complaint, there is a period of 210 days after the date of the alleged unlawful employment practice (or 30 days after notice of the termination of the state commission proceedings, whichever period expires earlier) within which the complaint may be filed with the EEOC.

**810**

Therefore this court finds that the plaintiffs were not required to refile their complaints with the EEOC subsequent to the waiver by, or inaction of, the Human Relations Commission.

## II

 The defendants have argued that Title VII does not apply to sex discrimination in pension plans.[5] This court believes that pension plans, absent a specific exclusion in the Act, are or may be part of the "compensation, terms, conditions or privileges" of employment and therefore covered by Title VII, 42 U.S.C. § 2000e–2(a) (1). Bartmess v. Drewrys, 444 F.2d 1186, 1189 (7th Cir. 1971).

## III

Although raised, the question of whether Flynn and Emrich Company has control over the pension trust, and is therefore a proper party to this suit, cannot be answered at this time. Without viewing the retirement plan (as yet not an exhibit), this court lacks sufficient information to decide the issue.

## IV

Finally, as to plaintiff Ugiansky, the defendants allege a violation of 42 U.S.C. § 2000e–5(a), which requires the complaint filed with the EEOC to be under oath. Ugiansky's complaint, admittedly, was not notarized within 90 days of his retirement. It is not clear whether the defect was corrected prior to June 27, 1969, the date when the EEOC assumed jurisdiction, or prior to the expiration of 210 days from the date of the alleged unlawful employment practice.[6] In any event, this court believes that such a defect is not jurisdictional. Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968).

It is, therefore, this 4th day of February, 1972, by the United States District Court for the District of Maryland, ordered that the motions to dismiss must be, and are hereby, denied.

---

5. 42 U.S.C. § 2000e–2 provides: "(a) It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

6. See footnote 4, *supra*.