**George WILTSHIRE, on behalf of himself and all others similarly situated, Plaintiffs,**

v.

**STANDARD OIL CO. OF CALIFORNIA, Defendant.**

**No. C–77–0912–WWS.**

United States District Court, N. D. California.

March 8, 1978.

Peter G. Lomhoff, Dayley & Blumin, Oakland, Cal., for plaintiffs.

William L. Diedrich, Jr., Joe C. Creason, Jr., Timothy J. Windle, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WILLIAM W SCHWARZER, District Judge.

■ This is an action brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5(f)) and 42 U.S.C. § 1981. Plaintiff was employed as a wiper on vessels owned by defendant. He charges that he was wrongfully terminated on December 13, 1973.[1] Defendant has moved to dismiss the complaint on the ground that both the charge under Title VII and the Section 1981 action were not timely filed.

### Title VII Claim

Plaintiff alleges that he was discriminatorily discharged by defendant on December 13, 1973. He filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 6, 1974, 274 days later. The EEOC, in accordance with normal practice, promptly referred the charge to the California Fair Employment Practices Commission ("FEPC"). On the 300th day following plaintiff's discharge, the EEOC assumed jurisdiction of the charge.

The problem presented by this case has confused and bedeviled the courts for a number of years and promises to do so until either Congress or the Supreme Court speaks.

■ Section 706(e) of Title VII provides that a charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred.[2] (42 U.S.C.

1. Plaintiff also purports to assert a claim on behalf of a class said to have suffered discrimination in connection with hiring, promotion, and discharge. In order to qualify as a representative of the class, however, he must have asserted his own claim in timely fashion. *See, Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 499 (5th Cir. 1968); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3rd Cir. 1975),

cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

2. The timely filing of a charge is jurisdictional. *See, McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Collins v. United Air Lines, Inc.*, 514 F.2d 594 (9th Cir. 1975). *See also, United Air*

§ 2000e–5(e)). That section creates the following exception, however:

> ". . . in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . ."

The problem arising under this section is whether a charge filed with the EEOC less than 300 days but more than 180 days after the alleged unlawful practice is timely where, as here, proceedings were not instituted with the State or local agency within the 180 day period.[3]

Title VII does not specifically require that a charge be filed or proceedings be instituted with a 706 agency within 180 days. It does, however, clearly reflect a dual Congressional purpose: one, to impose a short limitations period on private claims, and two, to compel prior resort by complainants to 706 agencies. That purpose was implemented in the original legislation by requiring a complainant to file with the EEOC within 90 days, a period extended to 180 days by the 1972 amendments, but allowing 210 days, extended in 1972 to 300 days, if proceedings were initially instituted before a 706 agency. By this scheme, Congress provided time for the 706 agency to process a charge; it further sought to insure against bypassing of the agency by prohibiting in Section 706(c) the filing of a charge with the EEOC:

> ". . . before the expiration of sixty days after proceedings have been commenced under the State or local law . . . ." 42 U.S.C. § 2000e–5(c).[4]

The legislative history of these provisions indicates that Congress intended all charges to be initially filed within 180 days. Section 706 was a part of the Dirksen-Mansfield compromise which made passage of the Civil Rights Act of 1964 possible. In it, the sponsors of the compromise agreed to an enforcement procedure imposing "an extremely short limitations period and [requiring] . . . resort to state procedures, where available, as a condition precedent to a private action . . . ." *See, Moore v. Sunbeam Corp.,* 459 F.2d 811, 821 (7th Cir. 1972). Senator Dirksen entered into the Congressional Record an explanation of this procedure:

---

Lines, Inc. v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977):

"A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed."

Prior to the 1972 amendment of Title VII, a charge had to be filed with the EEOC within 90 days, or within 210 days where the aggrieved person had followed the procedure for deferral to a state or local agency.

3. For convenience, state and local agencies qualifying under Section 706 will be referred to here, as they are in the EEOC regulations, as the 706 agency.

4. Section 706(c) provides:

"(c) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority." 42 U.S.C. § 2000e–5(c).

"New subsection (b) provides that where there is such a State or local law, no charge may be filed with the Commission by the person aggrieved until 60 days (120 days during the first year after the effective date of a new State or local law) after proceedings have been commenced under the State or local law.

\* \* \* \* \* \*

"New subsection (d) requires that a charge must be filed with the Commission within 90 days after the alleged unlawful employment practice occurred, except that if the person aggrieved follows State or local procedures in subsection (b), he may file the charge within 210 days after the alleged practice occurred or within 30 days after receiving notice that the State or local proceedings have been terminated, whichever is earlier. *The additional 120 days is to allow him to pursue his remedy by State or local proceedings.*" Remarks of Senator Dirksen, 110 Cong.Rec. 12819 (1964).[5] (Emphasis added)

These excerpts reflect an intention to require that a charge should be initially filed with *some* agency within 90 (now 180) days. The provision of an additional 120 days was intended to implement resort to state or local procedures where available, not to grant a complainant additional time in which to make the initial filing.[6]

This interpretation effectuates the apparent Congressional purpose underlying Section 706. Requiring all claimants to file within 180 days preserves the integrity of the short limitation period by imposing an equal duty of diligence on all claimants in asserting their federal claim, regardless of where they happen to live. There is no evidence in the legislative record that Congress intended to benefit claimants in a deferral state by giving them additional time in which to act on their claim simply because it arose in a state with a 706 agency. To permit claimants who happen to reside in such a state to file within 300 days while limiting claimants in non-deferral states to 180 days results in obvious and unwarranted inequity not likely to have been intended by Congress. Requiring everyone to file within 180 days removes that inequity and is entirely consistent with the statutory language.

Limitations periods, moreover, are "primarily designed to assure fairness to defendants" by protecting them from stale claims. *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). The limitation period in Section 706(e), even though part of remedial legislation, is no exception to this rule. *Davis v. Valley Distributing Co.*, 522 F.2d 827, 832 (9th Cir. 1975), *cert. denied*, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977); *McCarty v. Boeing Co.*, 321 F.Supp. 260, 261 (W.D.Wash.1970). In adopting Section 706(e), Congress determined that defendants in non-deferral states are to be protected from claims arising more than 180 days prior to filing. The mere fact that an employer may be located in a deferral state does not justify a court's expanding this period to 300 days and requiring the

5. Subsections (b) and (d) were redesignated (c) and (e) by the 1972 amendments to Title VII.

6. The pertinent legislative history of these provisions was reviewed by then-Judge Stevens in *Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir. 1972). Although the question in *Moore* was not whether the filing had been timely but when it had occurred for purposes of determining the period covered by the claim, the court had occasion to consider the interpretation of the limitations provisions. Addressing the problem before this Court, Judge Stevens said:
"*The legislative history as a whole indicates a basic purpose to require the complainant to make his initial filing within 90 days; the* *extension of the period to 210 days in certain states was plainly intended to permit him to 'exhaust' the state procedures.* There is no suggestion that complainants in some states were to be allowed to proceed with less diligence than those in other states. The above excerpts indicate that unless a complainant pursues his state remedies with sufficient diligence to permit the state, within 210 days, either to complete its action or to have 60 days in which to act without federal interference, he may not file a timely charge with the EEOC." 459 F.2d at 825, n. 35. (Emphasis added)

defendant to respond to claims arising more than 180 days prior to any filing.

That the statute provides claimants in deferral states with an additional 120 days in which to file with the *EEOC* does not affect this reasoning. That period of time, as explained by Senator Dirksen, is designed to allow the claimant to pursue his state remedy as a condition precedent to his filing with the EEOC. (See pp. 758–759 above) It was inserted into the legislative compromise "to keep primary, exclusive jurisdiction in the hands of the State Commissions for a sufficient period of time to let them work out their own problems at the local level." Remarks of Senator Dirksen, 110 Cong.Rec. 13087 (1964). The purpose underlying this section was to facilitate, in the interest of comity, the resolution of disputes at the local or state level by providing time for the 706 agency to process the claim without jeopardizing federal rights. It was not to extend by 120 days the time for assertion of those federal rights.[7]

Any argument that a claimant in a deferral state should be granted additional filing time because of the complexity of the deferral mechanism was eliminated by the Supreme Court's ruling in *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In *Love*, the Supreme Court validated an EEOC procedure that allows the EEOC to act on a claimant's behalf to fulfill the deferral requirement of Section 706(c). There a written charge had been filed with the EEOC which had referred the matter to the state agency. The agency terminated its own jurisdiction without affording relief. Thereupon the EEOC, without further written charge by the claimant, filed a claim on his behalf. The argument

that the statute required a second written charge by the claimant before the EEOC could proceed was rejected. Since claimants in deferral and non-deferral states may follow the same procedure to preserve their federal claims, *i. e.,* to make an initial filing with the EEOC which will then refer the charge to the 706 agency, no reason exists for giving claimants in deferral states an additional 120 days in which to do so.[8]

Analysis of the statutory scheme thus leads to the conclusion that a claimant must file his claim within 180 days, either with the EEOC or, in a deferral state, with the 706 agency, and it is only where a timely filing has been made with the 706 agency that an additional 120 days may be available for filing with the EEOC. A different interpretation, although it may promote the remedial purposes of the legislation by facilitating filing of claims, would nullify the legislative compromise that made passage of the law possible in the first place.

The Court of Appeals for the Eighth Circuit, sitting en banc, reached the same conclusion in *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975). In that case, plaintiff had filed an EEOC charge approximately 186 days after her discharge, too late to file with the Missouri Commission on Human Rights which was subject to a 90 day limitations period. The court first rejected defendant's contention that plaintiff was barred from obtaining the benefit of the federal 300 day limitation period by not having filed with the state agency within the 90 day period provided by state law, "noting that the state limitation period cannot govern the efficacy of the federal reme-

---

7. That the 120 days period was intended only to give time to exhaust state or local remedies is confirmed by the fact: (1) that a similar period is provided for exhaustion of those remedies before the EEOC may file a charge during the first year of operation of 706 agency (Sec. 706(c)), and (2) that once the 706 agency has terminated its proceeding, the claimant has only thirty days within which to file with the EEOC, even if the result is to give him less than the full three-hundred days. (Sec. 706(e)) Inasmuch as the 120 day add-on period in a

deferral state can thus be cut short by action of the 706 agency after a claim is timely filed, it makes little sense to grant a claimant its full benefit on the strength of his earlier failure to make a timely filing.

8. The EEOC's regulations provide that in a deferral state, a charge timely filed with the EEOC will be automatically referred to the 706 agency for processing but will be filed by the EEOC in time to protect the claimant's federal rights. 42 C.F.R. § 1601.13(d)(1).

dy." 511 F.2d at 1232.[9] It then rejected plaintiff's argument that she had 300 days in which to file her complaint as "not supportable by the statute or legislative history underlying it" (511 F.2d at 1232), and said (the entire court joining in the opinion):

"While we agree that 'the statute leaves much to be desired in clarity and precision,' *Cunningham v. Litton Industries,* 413 F.2d 887, 889 (9th Cir. 1969), there is no doubt as to what the extended filing period in § 2000e–5(e) was intended to accomplish. In the 1964 Act a complainant was given 90 days in which to file a charge of employment discrimination. However, due to the proviso in then § 2000e–5(b) that the charge must first be made with a state or local agency if one exists, an additional 120 days was given to file a charge with the EEOC to allow a complainant to pursue his state or local remedies without prejudicing his federal right.

"The extended filing period was not intended as a bonus for complainants residing in a deferral state but as a means of effecting an accommodation between the federal right and the requirement of pre-amendment § 2000e–5(b) of initial resort to an available state or local agency.

"We are here concerned with amended Title VII. However, except for an enlargement of time for filing a charge from 90 to 180 days and concomitant extension of the deferral provision to 300 days, there were no substantive changes made in § 2000–5(d) (renumbered § 2000e–5(e)).

"Thus a charge of employment discrimination must be filed within 180 days whether or not the complainant is in a deferral state. If in a deferral state it must be filed with the state or local agency within 180 days. The complainant is then given the extended period for filing with the EEOC to allow him to pursue his state claim without waiving possible relief under the Federal Act." 511 F.2d at 1232–33. (Footnotes omitted)

Under the view adopted by the Eighth Circuit, plaintiff here is barred for having failed to file his claim within the 180 day period.

Several courts have adopted conflicting interpretations. In *Doski v. M. Goldseker Co.,* 539 F.2d 1326 (4th Cir. 1976), plaintiff filed a charge with the Maryland Commission on Human Relations and with the EEOC 281 days after the alleged unlawful practice. The court rejected defendant's argument that the charge was not timely filed, reasoning that Title VII contained no explicit requirement that the state or local proceeding must be initiated within 180 days in order for the 300 day period to apply. The court declined to follow *Olson,* choosing to rely instead on several cases which are discussed in the following paragraphs.

In *Vigil v. American Telephone and Telegraph Co.,* 455 F.2d 1222 (10th Cir. 1972), plaintiff filed a charge with the Colorado Commission within 155 days. Eighteen days later he filed with the EEOC. Sixty days after filing with the state commission, the EEOC "assumed jurisdiction." Defendant argued that the initial filing with the EEOC prior to the expiration of the sixty day deferral period was barred by Section 706(b) (now (c)), and that at the end of the sixty day period the charge was barred by the limitation period. The court declined to dismiss, holding that the "filing" of the charge within the sixty day period in accordance with *Love, supra,* met the jurisdictional requirement of Section 706(d) that the charge be filed within 210 days. The court's opinion did not, however, address the question whether the charge was time barred as not having been filed within the then 90 day limitation period.

In *Ugiansky v. Flynn and Emrich Co.,* 337 F.Supp. 807 (D.Md.1972), the court similarly was only concerned with whether a filing with the EEOC prior to the expiration of the sixty day deferral period was sufficient

**9.** But compare *Dubois v. Packard Bell Corp.,* 470 F.2d 973 (10th Cir. 1972), holding that failure to file a claim with the 706 agency within the time permitted by state law is juris- dictional under Title VII. Contra, *Davis v. Valley Distributing Co.,* 522 F.2d 827 (9th Cir. 1975), *cert. denied,* 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977).

to satisfy the jurisdictional requirement. Although the court referred to the limitations provisions in a footnote, it did not address the issue and apparently had no need to for the charges seem to have been filed within the 90 day limitation period.

In *Ashworth v. Eastern Airlines, Inc.*, 389 F.Supp. 597 (E.D.Va.1975), the court, while holding that a claim first filed with the EEOC and referred by it to a 706 agency within the 300 day period was timely, also did not address the issue before this Court. Similarly, in *Ortega v. Construction & General Laborers' Union No. 390*, 396 F.Supp. 976 (D.Conn.1975), the court, without discussion, held a charge filed with the 706 agency more than 180 days after the unlawful practice to be timely, and concerned itself mainly with application of the state limitation period.

Finally, the *Doski* court relied on *Williamson v. Chevron Research Co.*, 12 F.E.P. Cases 95 (N.D.Cal.1976), in which plaintiff had filed a charge with the EEOC 205 days after discharge. The EEOC referred the charge to the state FEPC forty days later. The FEPC declined jurisdiction and the EEOC filed the charge formally 253 days after the discharge. The court denied a motion to dismiss, concluding that the Congressional purpose of giving the state an initial opportunity to process the claim was satisfied so long as the claim is referred to the agency within the 300 day period. The court appears to have considered the issue to have been primarily one of filing sequence rather than application of the limitations periods and concluded that the choice between the 180 day and 300 day periods should not turn on whether plaintiff first filed with the state agency or with the EEOC.[10]

The *Doski* decision also relied on an EEOC regulation which directs referral to the 706 agency where the charge "is submitted more than 180 days from the date of the alleged violation but within the period of limitations of the [agency] . . . ." 29 C.F.R. § 1601.12(b)(1)(v)(A). The thrust of that regulation, however, appeared to be directed at the EEOC's relationship with 706 agencies in the handling of claims; it does not reflect that the issue before this Court was specifically considered.[11]

Finally, *Doski* analyzes the legislative history. The court quotes the following statement of Congressman Dent, one of the proponents of the 1972 amendments:

**10.** The court said in this connection:

"Moreover, if this court were to hold that plaintiff may not avail himself of the 300 day filing period because he first walked into the EEOC office rather than the FEPC office to file his charge, it would create an untenable and fortuitous distinction between two groups of plaintiffs in the same state. Those who first filed with the EEOC would have to file in 180 days, while those who filed first with the FEPC would have 300 days. Such a result flies in the face of the Supreme Court's mandate in *Love v. Pullman*, supra, that federal courts should avoid erecting technical barriers to those attempting to assert Title VII rights. Accord, *Ugiansky v. Flynn & Emrich Co.*, supra.

"Defendant attempts to meet this objection by arguing, as does the court in Olson, that if an aggrieved person first files a charge with the state agency, he must do so within 180 days after the alleged discrimination in order to have 300 days to file with the EEOC. *Olson v. Rembrandt Printing Co.*, 511 F.2d at 1233, 10 FEP Cases at 30. Such a holding might be desirable in that it would impose a uniform time for filing an administrative charge on all who wish to assert a federal claim under Title VII. However, nothing in the statutory language nor in the legislative history supports imposition of a requirement that a charge be filed with the state agency within 180 days when state law allows a longer time." 12 F.E.P. Cases at 96.

The same result was reached in *Lo Re v. Chase Manhattan Bank*, 431 F.Supp. 189 (S.D.N.Y. 1977).

Similar provisions contained in the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, were given the same interpretation in *Paxton v. Lanvin-Charles of the Ritz, Inc.*, 434 F.Supp. 612 (S.D.N.Y.1977), but because of the unique legislative history of Title VII, the interpretation of the ADEA has little relevance. See footnote 6, above.

**11.** Thus, the regulation did not state what the EEOC will do when a charge is submitted more than 180 days after the alleged violation or after expiration of the limitation period of the 706 agency. It may also be significant that the particular language relied on in *Doski* has since been deleted from the regulation. See 29 C.F.R. § 1601.13(d)(2), at 42 Fed.Reg. 55389–90 (October 14, 1977).

*"Procedure Where No State Equal Employment Opportunity Law Exists*

(1) A charge must be filed within 180 days after the occurrence of an alleged unlawful employment practice.

\*    \*    \*    \*    \*    \*

*"Procedure Where State Equal Employment Opportunity Law Exists*

(1) A charge must be filed within 180 days after the occurrence of an alleged unlawful employment practice.

If a charge is initially filed with a state or local agency, such charge must be filed with the Commission within 300 days after the alleged unlawful practice has occurred or within 30 days after receipt of notice that the state or local agency has terminated its proceedings." 118 Cong. Rec.—House 7569 (March 8, 1972)

But it dismisses this statement, which reflects an intention to require that a charge be filed within 180 days, on the ground that "[t]here is no indication that Representative Dent was aware that states had statutes of limitations longer than 180 days." 539 F.2d at 1332. The court further relied on the following statement in the analysis of the bill:

"This subsection as amended provides that charges be filed within 180 days of the alleged unlawful employment practice. Court decisions under the present law have shown an inclination to interpret this time limitation so as to give the aggrieved person the maximum benefit of the law; it is not intended that such court decisions should be in any way circumscribed by the extension of the time limitations in this subsection." 118 Cong. Rec. 7565 (1972).

The court went on to conclude:

"When the above statement of liberal intent is read together with citation to

*Vigil* in the analysis of the preceding subsections, we are left with no clear explanation of legislative purpose. We conclude that the legislative history is not definitive enough to overcome the unambiguously clear wording of the statute." 539 F.2d at 1332–33. (Footnotes omitted)

The court's conclusion is open to question. Both the Dent statement and the analysis are unequivocal in stating that a charge must be filed within 180 days. In light of what appears to have been a clearly expressed Congressional purpose to require the prompt filing of claims, it is doubtful that Representative Dent's statements can fairly be interpreted as being based on an assumption that state statutes of limitation did not exceed 180 days, or that he considered state limitations to be relevant at all. The natural meaning of the Dent statement and the analysis is that the complainant must make his initial filing within the time provided, now 180 days; where the initial filing is with a 706 agency, the complainant has an additional 120 days to file with the EEOC. The reference to liberal interpretations is obscure, but the fact that *Vigil* was cited elsewhere in the analysis does not indicate an intention necessarily different from that described above. For *Vigil*, as previously discussed, considered the problem of applying the sixty day bar to premature EEOC filing rather than the question of timeliness of the initial filing.[12]

Analysis of the foregoing cases reveals that the current state of the law concerning timely filing of claims in states having agencies qualifying under Section 706 is unsettled and confused.[13] Inasmuch as the Ninth Circuit has not yet spoken on the point,[14] a district court is left with the

---

12. Whether *Vigil* can be read as reflecting a "liberal interpretation" of the limitations provisions of Title VII by the Tenth Circuit is doubtful, moreover, in view of the strict interpretation adopted by the late Judge Murrah in *Dubois v. Packard Bell Corp., supra* (see footnote 9, above).

13. See, B. Schlei, P. Grossman, *Employment Discrimination Law* (1976), p. 881.

14. In *Davis v. Valley Distributing Co., supra*, the Ninth Circuit held that a plaintiff who had failed to file within the Arizona 60 day limitation period but had filed within the federal 180 day period was not barred. The court declined to pass on the issue here whether a claim filed

choice between requiring a claimant in a deferral state to initiate proceedings with the 706 agency within 180 days by filing with that agency or the EEOC, or giving him 300 days to do so.[15]

In arriving at a decision on this motion, this Court has considered the various decisions and weighed the arguments on each side of the issue. The Court is mindful of the policy in favor of liberal interpretation and application of remedial legislation. In this case, however, one must also recognize that the legislation passed the Congress only because of a legislative compromise that incorporated stringent time limits and exhaustion requirements. *See, Moore v. Sunbeam Corp., supra,* 459 F.2d at 820–821, 830; *Dubois v. Packard Bell Corp.,* 470 F.2d 973, 975 (10th Cir. 1972). On reflection, the conclusion seems inescapable that to allow the present action to go forward would nullify that compromise and hence the legislative intent. Congress' basic intention was that claims should be filed within 180 days.[16] In giving claimants an additional 120 days to file with the EEOC when they have initiated proceedings before a 706 agency, Congress appears to have intended to implement its purpose of requiring prior resort to state or local processes, rather than give claimants who happen to reside in deferral states the benefit of a longer limitation period.

■ The foregoing analysis leads the Court to conclude that in this case plaintiff's charge, having been filed more than 180 days after the alleged unlawful act, was not timely filed. The motion to dismiss the Title VII claim must therefore be granted.

### The Section 1981 Claim

Plaintiff's second cause of action is based on 42 U.S.C. § 1981. He alleges that defendant engaged in acts, policies, and practices which deprived him of equal employment opportunities in violation of that statute. Inasmuch as the action was filed in May 1977, more than three but less than four years after the alleged wrongful discharge, the issue raised by defendant's motion to dismiss is whether the controlling statute of limitations is the three year statute for actions based on a liability created by statute (California Code of Civil Procedure ("CCP") § 338(1)) or the four year statute for actions based on a written contract (CCP § 337).

■ In the absence of a federal statute of limitations for Section 1981, the most appropriate state statute of limitations is applicable. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 465, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Ninth Circuit has not yet passed squarely on which statute applies. In *Griffin v. Pacific*

---

within 300 days would be timely in a deferral state but did say:

> "The shorter of the two federal limitations periods represents the judgment of Congress as to the proper balance between the time reasonably required by the employee to prepare and file a claim of discrimination, and protection of the employer from a stale claim." 522 F.2d at 832.

**15.** The further alternative of requiring filing within the limitation period of the 706 agency was rejected in *Davis v. Valley Distributing Co., supra.* See footnote 9, above.

Another alternative could be to require proceedings to be initiated with the 706 agency within 240 days, *i. e.,* at least 60 days before expiration of the 300 day period within which the EEOC may file a claim, thereby giving effect to the deferral period as well as the 300 day limitation. The legislative history to the 1972 amendments, however, reflects an intention to adopt the *Love* principle by allowing a charge to be filed during deferral and obviating

the need for a second post-deferral filing. See, *Legislative History of the Equal Employment Opportunity Act of 1972* prepared by the Senate Subcommittee on Labor, pp. 86–87, 445, 1771, 1781, 1802, 1815, 1846. In this manner, Congress has nullified the argument for a 240 day rule by making it irrelevant that the 60 day deferral period may run past the expiration of the 300 day period.

**16.** See the comments of then-Judge Stevens in footnote 6, above. It is reasonable to infer that by extending the limitation period from 90 days to 180 days in 1972, Congress meant to respond to demands for more time to file. That Congressional response may be interpreted as reflecting a purpose to adhere to the scheme of the act and liberalize it only by a limited extension of the specified time period. Accordingly there is no justification for further liberalization of the filing requirements by judicial interpretation beyond the limits set by Congress.

*Maritime Assoc.,* 478 F.2d 1118, 1119 (9th Cir. 1973), *cert. denied,* 414 U.S. 859, 49 S.Ct. 69, 38 L.Ed.2d 109 (1973), it stated that either the three year statute (§ 338(1)) or one of the four year statutes (§ 337 or § 343 (actions not otherwise provided for)) would apply. In *Davis v. County of Los Angeles,* 566 F.2d 1334 (9th Cir. 1977), it noted that plaintiffs there did not dispute the applicability of the three year statute.

District courts within the Ninth Circuit have uniformly applied the three year statute to actions under Section 1981. *Lim v. Citizens Savings & Loan Assoc.,* 430 F.Supp. 802 (N.D.Cal.1976); *Walthall v. Blue Shield,* 12 F.E.P. Cases 933 (N.D.Cal. 1976); *Sias v. City Demonstration Agency, Los Angeles,* 12 E.P.D. Cases ¶ 11,076 (C.D. Cal.1976); *Dennison v. City of Los Angeles Dept. of Water & Power,* 10 E.P.D. Cases ¶ 10,356 (C.D.Cal.1975); *Pizano v. J. C. Penney Co.,* 12 F.E.P. Cases 1321 (E.D.Cal. 1975). In all of these cases, the complaints asserted Section 1981 claims on the basis of existing employment contracts or the right to make such contracts.

The most closely analogous decision of the Court of Appeals is *Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962), holding the California three year statute to apply to a Section 1983 action. The court there said:

"The California courts have held that an action is based 'upon a liability created by statute,' within the meaning of Section 338(1), if the liability would not exist but for statute. Or, conversely, an action is not based 'upon a liability created by statute' if the right is one which would exist at common law in the absence of statute. Though broadly stated, the distinction drawn is sufficiently discriminating for the present case.

"Section 1983 of the Civil Rights Act clearly creates rights and imposes obligations different from any which would exist at common law in the absence of stat-

ute. A given state of facts may of course give rise to a cause of action in common-law tort as well as to a cause of action under Section 1983, but the elements of the two are not the same." 308 F.2d at 189-190.[17] (Footnotes omitted)

That reasoning is equally applicable to a Section 1981 action. The right asserted is not one which would exist at common law in the absence of statute and the elements of a Section 1981 claim, which require proof of racial discrimination, are not the same as those of a common law contract claim. *See, also, Mason v. Owens-Illinois, Inc.,* 517 F.2d 520 (6th Cir. 1975), holding Ohio's equivalent to Section 338(1) to be applicable to an employment discrimination action based on Section 1981.

Plaintiff argues that CCP § 337, providing a four year period for written contracts, should apply because his Section 1981 action is based on a non-discrimination clause in the collective bargaining agreement. This argument was rejected by this court in *Walthall v. Blue Shield,* 12 F.E.P. Cases 933 (N.D.Cal.1976). In *Walthall,* plaintiff, as here, alleged violations of Title VII and Section 1981 but did not allege a breach of contract in the complaint. Plaintiff argued for the application of CCP § 337 because a non-discrimination clause appeared in the collective bargaining agreement. The court rejected that position because the complaint did not allege a breach of contract and because the employment relationship, not the contract, gave rise to the Section 1981 cause of action. Reasoning from the fact that the clause did not create any rights over and above those contained in Section 1981, it stated:

"While the contract here . . . created a relationship of employment between plaintiffs and defendant, it was that relationship and not the contract itself which gave rise to the statutory obligations imposed by 42 U.S.C. § 1981.

17. In a footnote, the court observed:

"It is generally true that rights created by federal statutes do not have exact common-law equivalents, and for this reason, as one commentator has observed, the 'liability cre-

ated by statute' provision has almost invariably been chosen by federal courts sitting in states which include it in their limitation statutes." 308 F.2d at 190, n. 17. (Citation omitted)

This relationship created a liability under a statute, not under a contract." 12 F.E.P. Cases at 934.

Plaintiff's Section 1981 claim must therefore be dismissed.

IT IS SO ORDERED.