George WILTSHIRE, on behalf of himself and all others similarly situated, Plaintiff-Appellant,

v.

STANDARD OIL COMPANY OF CALIFORNIA, Defendant-Appellee.

No. 78–2030.

United States Court of Appeals, Ninth Circuit.

Argued June 11, 1980.

Submitted Sept. 4, 1980.

Decided Aug. 3, 1981.

As Amended on Denial of Rehearing an Rehearing En Banc Nov. 20, 1981.

---

Peter Lomhoff, Oakland, Cal., Lutz Alexander Prager, EEOC, Washington, D.C., argued for plaintiff-appellant; Melvin K. Dayley, Dayley & Blumin, Peter Lomhoff, Oakland, Cal., on brief.

Michael Salinsky, San Francisco, Cal., argued, for defendant-appellee; Timothy J. Windle, Pillsbury, Madison & Sutro, San Francisco, Cal., Lutz Alexander Prager, Marilyn Urwitz, Washington, D.C., on brief.

Before TANG and PREGERSON, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

This appeal involves the issue of timeliness under the filing period prescribed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976), and by the statute of limitations applicable to actions asserted under 42 U.S.C. § 1981 (1976). The district court, in a decision reported at 447 F.Supp. 756 (N.D.Cal.1978), held both the Title VII claim and the section 1981 claim untimely and dismissed the action. We affirm the dismissal of the section 1981 claim but reverse and remand on the Title VII claim.

I. *Facts*

Plaintiff-Appellant George Wiltshire is a black male who was employed by Defendant-Appellee Standard Oil of California. Wiltshire alleged he was discriminatorily discharged by Standard Oil on December 13, 1973. On September 6, 1974, 270 days after discharge, Wiltshire filed a charge with the Equal Employment Opportunity Commission (EEOC). On that day he also filed a charge with the California Fair Employment Practices Commission (FEPC).

Before assuming jurisdiction, the EEOC referred the charge to the FEPC, as required by section 706(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(c) (1976). On October 6, 1974 (the 300th day after termination), to preserve Wiltshire's EEOC filing, the EEOC formally filed the charge even though the state proceedings had not yet terminated and the sixty day referral period of section 706(c) had not yet elapsed. The FEPC continued to process the charge, and on December 11, 1974, notified Wiltshire that it had terminated proceedings on his complaint.

In February 1977, the EEOC determined that reasonable cause did not exist to believe Standard Oil had violated Title VII and issued Wiltshire a notice of right to sue. *See* 42 U.S.C. § 2000e–5(f)(1) (1976).

On May 4, 1977, Wiltshire filed this complaint in federal district court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976), and of 42 U.S.C. § 1981 (1976). The district court dismissed the action on the ground

* Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

that it lacked jurisdiction under Title VII because the charge was not timely filed, and on the further ground that the section 1981 claim was barred because the alleged violation occurred more than three years before the filing of the complaint.

## II. Timeliness of the Title VII Claim

The district court ruled that to qualify for the 300-day extended EEOC filing period provided under section 706(e) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) (1976), a complainant must first file a charge with a state fair employment agency within 180 days of the alleged injury. As Wiltshire failed to file his charge with the FEPC within 180 days of his discharge, the court concluded that Wiltshire's EEOC filing was untimely.

### 1. Section 706(e) Requirements

■ We believe that the district court erred in ruling that section 706(e) requires filing with a state fair employment agency within 180 days of discharge. Section 706(e) states: "A charge under this section shall be filed within one hundred and eighty days of the alleged unlawful employment practice . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency, such charge shall be filed within . . . three hundred days after the unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e). The 180-day period referred to in the main clause refers only to charges filed "under this section," i. e., federal charges. The language used in the deferral state exception does not make the 300-day extended filing period contingent upon initially instituting state proceedings within 180 days. Read literally, the deferral state exception requires only that state proceedings be instituted before the expiration of the 300-day extended filing period.

Section 706(e) does not suggest the existence of a state filing deadline and we decline to read into the statute such a deadline. See Doski v. M. Goldseker Co., 539 F.2d 1326, 1329–31 (4th Cir.1976). Rather,

we are persuaded by the statutory interpretation, analysis of case precedent, and careful study of legislative history undertaken by the Fourth Circuit in Doski v. M. Goldseker Co., supra, in holding that section 706(e) does not require filing with a state employment agency within 180 days. See also Internat'l Union of Electrical, Radio & Machine Workers v. Robbins & Myers, Inc., 429 U.S. 229, 240, 97 S.Ct. 441, 449, 50 L.Ed.2d 427 (1976) (dictum describing statute in manner consistent with Doski); Reed v. Lockheed Aircraft Corp., 613 F.2d 757, 759 n.7 (9th Cir.1980) (dictum describing statute in manner consistent with Doski); Ramirez v. National Distillers and Chemical Corp., 586 F.2d 1315, 1319 n.5 (9th Cir.1978) (dictum suggesting that Doski is correct). Cf. Bean v. Crocker Nat'l Bank, 600 F.2d 754, 757–59 (9th Cir.1979) (construing analogous ADEA time limits and holding that complainants in deferral states have 300 days to file notice of intent to sue).

We disagree with the reasoning of the Eighth Circuit in holding that in deferral states, complainants must initially institute state proceedings within 180 days of discharge to trigger the 300-day extended EEOC filing period. In Olson v. Rembrandt Printing Co., 511 F.2d 1228, 1233 (8th Cir.1975) (en banc), the Eighth Circuit reasoned that "it would not be in keeping with the intent of Congress to allow one individual 300 days to file a charge because of the fortuitous circumstance that the state where the claim arose is a deferral state, when another individual in a non-deferral state will have only 180 days in which to file." Id. at 1231–32.

The Eighth Circuit's appeal to legislative intent is unpersuasive. The legislative history pertaining to these statutory provisions is, at best, inconclusive. See Doski, 539 F.2d at 1332. Moreover, the Supreme Court's recent decision in Mohasco Corp. v. Silver, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), further supports our holding. In dictum, the Court expressly disapproved the Eighth Circuit's restrictive approach in Olson and approved Doski's interpretation supporting the 300-day EEOC

filing deadline in deferral states. 447 U.S. at 814–15 n.16 & 816 n.19, 100 S.Ct. at 2490 n.16 & 2491, n.19.

In sum, a fair reading of section 706(e) suggests that Congress extended the EEOC filing deadline in deferral states to give the state agencies a reasonable amount of time to consider discrimination complaints. Nothing in the statute, however, requires a complainant to file a charge with a state agency within 180 days after an alleged discriminatory act has occurred.[1]

### 2. *Section 706(c) Requirements*

Although nothing in section 706(e) required Wiltshire to initiate state proceedings within 180 days of his discharge, the district court might still have been correct in dismissing Wiltshire's Title VII claim. On June 23, 1980, the Supreme Court ruled that the EEOC may not formally file a complaint until after the expiration of the sixty-day state agency referral period provided in section 706(c) of Title VII, 42 U.S.C. § 2000e–5(c) (1976). *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Under this new rule, Wiltshire's filing with the EEOC appears untimely. Wiltshire's charge was filed with both the FEPC and the EEOC on the 270th day after his discharge. If the formal filing with the EEOC could not occur until after the expiration of the sixty-day referral period of section 706(c), then Wiltshire's complaint with the EEOC was not formally filed under *Mohasco* until the 330th day after his discharge—thirty days late, thus

supporting the district court's dismissal of the Title VII claim.

■ But before we can decide whether *Mohasco* disposes of this case, we must first determine if the rule it announces applies retroactively. The criteria to be considered concerning the prospective or retroactive effect of a judicial decision were articulated by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The Court stated:

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . ., or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . . Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." . . . Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted).[2]

---

1. There is no dispute here that Wiltshire's complaint was timely filed with the California FEPC. See Cal.Lab. Code § 1422 (one year filing period). We therefore need not rule on whether a complainant must timely file with a state fair employment agency to be able to take advantage of the 300-day extended filing period in section 706(c).

2. In *United States v. Bowen*, 500 F.2d 960 (9th Cir.1974) (en banc), *aff'd on other grounds*, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975), we considered the issue of retroactivity under a seemingly different rubric. In *Bowen* we first applied a threshold test to determine whether the decision at issue established a new rule. If a new rule was established, we then applied a three-pronged analysis set out in *Stovall v.*

*Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), and *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), to decide whether a retroactive or prospective application of the rule was warranted. The *Stovall* test requires an analysis of three criteria: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice. *See also Bunker v. Wise*, 550 F.2d 1155, 1157 n.3 (9th Cir.1977); *United States v. Karp*, 508 F.2d 1122, 1124–25 (9th Cir.1974), *cert. denied*, 422 U.S. 1007, 95 S.Ct. 2628, 45 L.Ed.2d 669 (1975). We find no appreciable difference between the factors enumerated in *Chevron Oil v. Huson* and the factors considered in the *Bowen* formulation. We note, too, that we are not called

As to the first criterion, the *Mohasco* decision does establish a new principle of law. The Supreme Court in *Mohasco* discusses the conflicting approaches taken by the Seventh, Eighth, and Tenth Circuits on the filing requirement challenged here. 100 S.Ct. at 2490–91 n.16. The Court then adopts the Seventh Circuit's approach, thus overruling a substantial body of case law from other circuits—clear past precedent on which litigants have relied. Further, although one might argue that the Seventh Circuit's decision "foreshadowed" *Mohasco*, given the body of case law *Mohasco* overruled, and the longstanding EEOC regulations it disapproved,[3] we conclude that *Mohasco* was "not *clearly* foreshadowed" by the Seventh Circuit approach. (Emphasis added.) Thus the first criterion of *Chevron Oil Co. v. Huson* for only prospective application of *Mohasco* is satisfied.

The second criterion—whether retroactive application will further or retard the operation of the rule—also calls for nonretroactive application of *Mohasco*. The purpose of the rule in question—a limitations period governing the filing of Title VII claims with the EEOC—is clear. As is true of limitations periods in general, the rule's purpose is to provide a predictable time period that strikes a fair balance between a claimant's right to a reasonable time within which to commence litigation, and a defendant's right not to be required to defend stale claims. The district court properly described how courts historically considered the Title VII rule in question as a "problem . . . that has confused and bedeviled the courts for a number of years . . . ." *Wiltshire v. Standard Oil*, 447 F.Supp. 756 at 757. Despite this troublesome situation, the EEOC, under its administrative regulations, has, for fifteen years, steadfastly maintained one consistent interpretation of the rule, *viz.*, that the EEOC will consider as timely all complaints filed with the agency within 300 days of the discriminatory event.[4] Application of the EEOC's longstanding administrative regulation to filings made before the *Mohasco* decision will more faithfully serve the goals of predictability and order than would be the case if we retroactively imposed the new *Mohasco* rule.

There is an additional purpose for the limitations period announced in *Mohasco* —to encourage prompt processing of charges by imposing on the EEOC "a duty to commence its investigation no later than 300 days after the alleged occurrence" 100 S.Ct. at 2496, thus sparing the EEOC from "stale" claims. As to claims such as Wiltshire's that were processed before *Mohasco* was handed down, the decision's retroactive application would not spare the EEOC from processing "stale" claims.

The third criterion of *Chevron Oil Co. v. Huson* looks to the inequitable results of retroactive application of the rule in question. In the case before us, the equities require a holding of nonretroactive application of *Mohasco*. It is important to bear in mind that the very agency required by Congress to accept the initial filing of Title VII claims has consistently told claimants that they have three hundred days within which to file. Title VII contemplates that this initial filing will be handled administratively, with the assistance of EEOC personnel and without the assistance of counsel. Retroactive application of *Mohasco* will be grossly unfair and unjust to claimants who, in reliance upon EEOC advice, filed charges

---

upon here to formulate a single test to be applied in all cases presenting retroactivity issues. *See United States v. Bowen*, 500 F.2d at 975–76 n.1. We use the *Chevron Oil* language here since the instant case, as did *Chevron Oil*, involves a timeliness issue.

3. 29 C.F.R. § 1601.12(1)(V)(a) (1977) states: "In cases where the document is submitted to the Commission more than 180 days from the date of the alleged violation but within the period of limitation of the particular 706 Agency, the case shall be deferred . . .: *Provided, however*, that unless the Commission is earlier notified of the termination of the State or local proceeding, the Commission will consider the charge to be filed with the Commission on the 300th day following the alleged discrimination and will commence processing the case. Where the State or local agency terminates its proceedings prior to the 300th day following the alleged act of discrimination, without notification to the Commission of such termination, the Commission will consider the charge to be filed with the Commission on the date the person making the charge is notified of the termination."

This regulation underwent some minor modifications. The regulation now in effect, 29 C.F.R. § 1601.13(a), (c), (d)(2)(111) (1979), is substantially identical to its predecessor. *See also* 100 S.Ct. at 2493.

4. *See* note 3, *supra.*

with the EEOC between the 241st and 300th day after the discriminatory event.

In *Mohasco*, the Supreme Court rejected the argument that a literal reading of Section 706 would be unfair to victims of discrimination who often proceed without the assistance of counsel. That argument, according to the Court, is based on the assumption that when a lay person reads the statute, he or she assumes that the filing deadline is 300 days from the date of the discriminatory action. The Court believed that a lay person was more apt to regard the statute as establishing a 180 day filing deadline. *Mohasco*, 447 U.S. at 825, 100 S.Ct. at 2496. We do not read the Court's statement to preclude a finding that retroactive application of the *Mohasco* rule would cause inequitable results. The Court did not directly consider whether "substantial inequitable results" would occur from retroactive application of its decision because of vast reliance by claimants on EEOC advice. We believe that such gross unfairness will result regardless of how a lay person is likely to read the statute.

Retroactive application of a Title VII decision involving timeliness was precluded in circumstances similar to those found in the present case. In *DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir.1975), the court held that its decision, which established a ninety day time limit for filing suit following the EEOC's "Notice of Determination," would not be applied retroactively. The court stated:

> The issue in this case was one of first impression which this court resolved in a manner which, as witnessed by the Commission's earlier contrary instructions, was not clearly foreshadowed. It would be inequitable under such circumstances, and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to help vindicate such statutory rights.
>
> In view of these considerations we hereby modify our judgment in this case so that the portion thereof which deals with the Title VII claim will have prospective effect only . . . .

*Accord, Zambuto v. A.T. & T.*, 544 F.2d 1333 (5th Cir.1977); *see Lynn v. Western Gillette*, 564 F.2d 1282, 1287 (9th Cir.1977).

We therefore hold that the rule of *Mohasco* should be applied only to those claims submitted to the EEOC after June 23, 1980, the date of the announcement of the new rule.

### III. *Timeliness of the Section 1981 Claim*

The district court ruled that the statute of limitations period applicable to section 1981 actions arising in California is three years and dismissed Wiltshire's section 1981 claim. Wiltshire argues that the court erred in using a three year statute of limitations period rather than a four year limitation period. We disagree. The rule in this circuit is now clear. The limitation period to be applied to section 1981 actions arising in California is three years. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, at 661–664 (9th Cir.1980). We therefore affirm the district court's dismissal of Wiltshire's section 1981 claim.

### IV. *Conclusion*

We affirm the district court's dismissal of Wiltshire's section 1981 claim. The reasons underlying the district court's dismissal of Wiltshire's Title VII claim are untenable, but dismissal may have been appropriate under *Mohasco*. We decline, however, to apply *Mohasco* retroactively and therefore reverse the district court's dismissal of Wiltshire's Title VII claim and remand for further proceedings on the merits.

AFFIRMED in part, REVERSED in part, and REMANDED.