788 F.2d 571
 40 Fair Empl.Prac.Cas. 1067,
40 Empl. Prac. Dec. P 36,167
 Albert JONES, in behalf of non-professional and professional
black male Bechtel employees in similar
situations, et al., Plaintiff-Appellant,
v.
S.D. BECHTEL, Jr., Chairman, Bechtel, Inc., individually and
in his official capacity; Virginia F. Thuresson, Personnel
Manager of Bechtel Petroleum in 1980, individually and in
her official capacity; W.J. Summer, Personnel Manager of
Bechtel Petroleum in 1983, etc., et al., Defendants-Appellees.
 
 No. 84-2868.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 14, 1986.
Decided April 25, 1986.
 Albert Jones, in pro. per.
 Charles P. McCarthy, Thelen, Marrin, Johnson, & Bridges, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, HUG, and REINHARDT, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Plaintiff-appellant Albert Jones appeals from the district court's dismissal of his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-2000e-17 (1982) ("Title VII") and under 42 U.S.C. Sec. 1981 (1982). He also appeals the court's denial of his motions for appointed counsel and to compel discovery and its failure to consider his motion for class certification. We reverse and remand.
 
 
 2
 Jones alleged facts which, if proved, could sustain a claim for race and sex discrimination against him as a black male employee. The district court dismissed the complaint with prejudice.
 
 
 3
 The claim under Title VII for discrimination on the basis of race and sex was dismissed because Jones filed suit before he had received a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"). Jones filed a complaint with the EEOC on July 5, 1983; he filed this law suit in propria persona on August 8, 1983. At that point, it is clear that there was a jurisdictional defect because 42 U.S.C. Sec. 2000e-5(f)(1) ordinarily requires that the EEOC issue a right-to-sue letter before the suit is filed. On January 27, 1984, the district court dismissed the Title VII claim for lack of jurisdiction because the EEOC had not yet done so. See Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1351 (9th Cir.1984) (premature suits may be subject to motion to dismiss). The section 1981 claim was not dismissed at that time; thus, the action remained alive.
 
 
 4
 Jones had filed a motion for the appointment of counsel, which was denied. Jones then engaged a lawyer who advised him on a preliminary basis but declined to undertake the case. Thus, Jones continued to proceed in propria persona.
 
 
 5
 On March 4, 1984, Jones received the right-to-sue letter from the EEOC. He did not move to amend his complaint; however, he did file the letter with the court as a part of his response to a motion to dismiss the entire action. Thereafter, his claim under section 1981 was dismissed against defendants Thuresson and Summer on statute of limitations grounds, and against the remaining defendants because he alleged discrimination based on sex as well as race--that is, that he was discriminated against because he was a black male, not merely because he was black. Thus, at that point the entire action was dismissed.
 
 The Title VII Claim
 
 6
 The first issue we face in this appeal is whether, under these circumstances, it was error for the district court not to afford Jones an opportunity to amend his Title VII complaint, when documents in the record revealed that the jurisdictional defect could be rectified by an amendment to his complaint.
 
 
 7
 We have previously held that a district court has jurisdiction over a Title VII claim if a suit is filed before a right-to-sue letter has been issued, as long as such a letter is issued before trial, Wrighten, 726 F.2d at 1351. We recognize the difficulty a district court faces when a litigant is proceeding pro se and fails to take the steps that counsel would be expected to take in pursuing the action. However, the courts have held pro se litigants to a less rigorous standard in complying with the niceties of pleading and practice. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980).
 
 
 8
 Here, in substance, the jurisdictional defect was cured before the action was dismissed--the necessary right-to-sue letter had been issued and that information was presented to the court, although in the wrong form. Counsel would have been expected to present the letter to the court in the form of a motion to amend the complaint. In this circumstance, with a pro se plaintiff, we hold that it was error to dismiss the complaint with prejudice, without affording the plaintiff an opportunity to amend his complaint to allege that the right-to-sue letter had been issued and thus cure the jurisdictional defect.
 
 The Section 1981 Claim
 
 9
 We next turn to Jones's section 1981 claim. As noted above, the district court dismissed the claim against defendants Thuresson and Summer on the grounds that the statute of limitations had run, and dismissed the claim against the other defendants on the grounds that Jones had failed to state a claim because he had alleged discrimination on the basis of race and sex.
 
 
 10
 As far as the dismissal of Thuresson and Summer is concerned, it was clearly the law in this circuit at the time Jones instituted this action that the applicable statute of limitations for section 1981 actions filed in California was the three-year period provided by California Code of Civil Procedure Sec. 338(1) (West 1982 & Supp.1986) for liability created by a statute. Wiltshire v. Standard Oil Co. of California, 652 F.2d 837, 842 (9th Cir.1981), cert. denied, 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982); Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981); Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 662-64 (9th Cir.1980). Recently, the Supreme Court decided that the applicable statute of limitations for claims brought under 42 U.S.C. Sec. 1983 is the state personal injury statute, Wilson v. Garcia, --- U.S. ----, ----, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254, 269 (1985). In California, this would be one year. Cal.Code Civ.Pro. Sec. 340(3) (West 1982 & Supp.1986). Whether this applies to section 1981 claims as well was not decided by the Supreme Court, and we have not ruled on this question. We do not reach that issue in this case, however, because even if the one-year statute is found to be applicable to section 1981 claims under the reasoning of Wilson, we would not apply it retroactively where it shortens the limitation period. See Gibson v. United States, 781 F.2d 1334, 1338-40, 1341-42 (9th Cir.1986). Thus, the statute of limitations applicable to this case is the three-year statute. The district court properly dismissed the claims against Thuresson and Summer because a review of the record shows that the last acts in which they participated occurred in June, 1980, more than three years before Jones's action was filed in August, 1983.
 
 
 11
 We next turn to the merits of the section 1981 claim. That section provides an action for discrimination based on race. Jones's complaint alleges that he was discriminated against because he is a black male. It is clear that section 1981 does not provide a cause of action based on sex discrimination. See, e.g., Runyon v. McCrary, 427 U.S. 160, 167, 96 S.Ct. 2586, 2592-93, 49 L.Ed.2d 415 (1976) (section 1981 pertains to discrimination based on race, not discrimination based on sex); White v. Washington Public Power Supply System, 692 F.2d 1286, 1290 (9th Cir.1982) (same).
 
 
 12
 However, a plaintiff can base his claim on the racial aspect of the discrimination. For example, Jones could not prove as part of his section 1981 claim that he was discriminated against because he is a male, but he could prove that as a male employee he was discriminated against because he is black. Similarly, although Jones could not proceed on an alternative theory that he suffered discrimination either because he was black or because he was male, he could proceed on the claim of racial discrimination alone. See Weisbord v. Michigan State University, 495 F.Supp. 1347, 1354-55 (W.D.Mich.1980) (a complaint states a claim under section 1981 if there is a racial component).
 
 
 13
 There is no doubt that, in stating the section 1981 claim, it would be better to allege only discrimination based on race, but analytically we cannot hold that Jones has failed to state a section 1981 claim merely because he has alleged that he is a male who has suffered racial discrimination.
 
 
 14
 We reverse the dismissal of the Title VII and the section 1981 claims and remand for further proceedings. We need not address the other issues raised by this appeal, except to note that the complications of this case would, in all likelihood, have been avoided had counsel been appointed. The district court will no doubt wish to reevaluate Jones's request for appointment of counsel on remand.
 
 
 15
 REVERSED and REMANDED.