**Decided January 13, 1987**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

EDWARD TEMENGIL, et al., ) Civil Action No. 81-0006
 )
 Plaintiffs )
 ) AMENDED D
 v. ) DECISION AND ORDER
 ) District Court
TRUST TERRITORY OF THE PACIFIC )
ISLANDS, et al., ) JAN 13 '987
 )
 Defendants ) For The Northern Mariana Islands
 )
_____) By_____

The Decision and Order entered and filed herein on January 8, 1987, is hereby amended to read as follows:

THIS MATTER came before the Court on December 18, 1986, for hearing of defendant Trust Territory's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion seeks summary judgment on issues arising from questions reserved for decision in Section V of the August 7, 1986, stipulation of counsel regarding the damages phase of this litigation.

Because counsel have withdrawn from consideration by this Court the question of compensation for educational allowances not made available to plaintiffs, only two items raised by the motion need be addressed:

1. Whether or not Wilson v. Garcia should be extended to include 42 U.S.C. §1981 actions and whether it should be applied retroactively here; and

2. Whether or not plaintiffs are entitled to an award of pre-judgment interest on back-pay awards.

AO 72
(Rev.8/82)

In _Wilson v. Garcia_, 105 S.Ct. 1938 (1985), the United States Supreme Court held that actions brought under 42 U.S.C. §1983 would henceforth be subject to the statute of limitations applicable to a personal injury lawsuit in the state in which the action is filed. _Wilson v. Garcia_, 105 S.Ct. at 1947. This opinion wrought a significant change in existing law, as pointedly noted in Justice O'Connor's dissent. Whether or not _Wilson_ applies to §1981 actions has not yet been addressed by the U.S. Court of Appeals for the Ninth Circuit. See, e.g., _Jones v. Bechtel_, 788 F.2d 571 (9th Cir. 1986). However, the Third Circuit, in _Goodman v. Lukens Steel Co._, 777 F.2d 113, 117 (1985), _appeal docketed_, ___ U.S. ___ (1986), and the District of Columbia Circuit, in _Banks v. Chesapeake and Potomac Telephone Co._, ___ F.2d ___ (1986), 55 U.S.L.W. 2156 (September 5, 1986), both have extended _Wilson_ to include §1981. Each court believed that the _Wilson_ reasoning applied equally forcefully to §1981 actions, and adopted the personal injury statute of limitations of the forum state for §1981 lawsuits. This Court accepts the rationale of the two decisions and, accordingly, holds that _Wilson_ extends to 42 U.S.C. §1981 lawsuits.

As to retroactive application of _Wilson v. Garcia_, the Ninth Circuit's position is that "when retroactive application would shorten the statute of limitations, _Wilson_ merits only prospective effect." _Gibson v. United States_,

954

781 F.2d 1334, 1339 (9th Cir. 1986). That decision was made after the Court considered the case before it in light of the three factors enunciated in Chevron Oil v. Kuson, 404 U.S. 97 (1971), for determining whether or not to apply a newly-formulated rule of law retroactively. These factors are:

1. Whether the decision establishes a new principle of law;

2. Whether retroactive application will further or retard the purposes of the rule in question; and

3. Whether applying the new decision will produce substantial inequitable results.

Chevron Oil v. Kuson, 404 U.S. at 106-107.

Considering this case using the Chevron Oil v. Kuson factors, the Court finds that Wilson clearly established a new principle of law, which fact militates against retroactivity. Additionally, based upon the facts of this case, this Court cannot conclude that retroactive application will further the purposes of the rule in question, particularly since retroactive application here would produce a substantial inequitable result by depriving plaintiffs once again of money to which this Court has determined they were entitled. Therefore, insofar as defendant seeks a summary determination that Wilson v. Garcia does not apply to 42 U.S.C. §1981 actions and should be applied retroactively, the motion is DENIED.

AO 72
(Rev.8/82)

The second issue presented by this motion is whether plaintiffs are entitled to an award of pre-judgment interest on back-pay awards. This Court has previously held that the Trust Territory government cannot cloak itself in the sovereign robes of common law or statutory immunities. An award of pre-judgment interest lies within the sound discretion of the trial court; it is a question of fairness, requiring a balancing of the equities. Wessel v. Buhler, 437 F.2d 279, 284 (9th Cir. 1971). This Court also believes an award of such interest is possible only where 1) the exact pecuniary amount has been ascertained or is ascertainable by simple computation or by generally recognized standards, such as market price, and 2) a time of accrual is definitely ascertainable. These latter conditions are derived from Oregon statutory law and Soderhamm Mach. Mfg. v. Martin Bros. Container & Timber Products Corp., 415 F.2d 1058 (9th Cir. 1969). Here, plaintiffs were deprived of the use of money to which this Court has determined they were entitled. The sums owing individual plaintiffs can be ascertained, as can the dates when plaintiffs became entitled to them. Therefore, defendant's position that plaintiffs are not entitled to an award of pre-judgment interest is rejected and summary judgment on this issue is DENIED.

IT IS SO ORDERED.

DATED this 13th day of January, 1987.

_____
Alfred Laureta